## Emma Hubbard, Appellee, v. G. Gordon Martin, Incorporated, Appellant.

### Gen. No. 18,875.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by Emma Hubbard against G. Gordon Martin, Incorporated, and another to recover damages for injuries sustained by plaintiff by reason of negligent performance of dental work done for plaintiff by defendants. From a judgment in favor of plaintiff for one thousand dollars, defendant, G. Gordon Martin, appeals.

HARRY STRICKLER, for appellant.

GEORGE I. HAIGHT and ROLAND M. HOLLOCK, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DENTISTS, § 1*—*right of corporation to engage in practice.* Hurd's R. S. ch. 91, ¶ 44h, J. & A. ¶ 7450, contemplates that a corporation may engage in the practice of dentistry.

2. DENTISTS, § 2*—*when evidence sufficient to sustain verdict for malpractice.* In an action for malpractice in dentistry, evidence tending to show that one of defendant's employes negligently bored through the roots of four of plaintiff's teeth into the alveolar process or bony tissues of the jaw, thereby causing a painful condition requiring long treatment and rendering improbable the placing of a permanent dental bridge, *held* sufficient to sustain a verdict for plaintiff.

3. DENTISTS, § 2*—*admissibility of evidence in action for malpractice.* In an action for malpractice in dentistry, refusal of court to strike out testimony of plaintiff as to pain and suffering both while and after the work was performed, *held* not error where other testimony tended to show that immediate intense pain and conditions causing additional and unnecessary pain would result from negligence of the character charged.

4. DENTISTS, § 2*—*competency of evidence to show want of license.* Testimony of the State Board of Dental Examiners in a suit for malpractice in dentistry, that they had examined the record of licenses issued and found no record of a license issued to the defendant's employe who operated on plaintiff, *held* competent evidence.

5. DENTISTS, § 2*—*when admission of expert testimony as to condition of plaintiff's teeth not error.* Permitting an expert witness to testify in a suit for malpractice as to the condition of the bore in plaintiff's teeth the following year, without requiring plaintiff to show that no one else had bored into the tissues subsequent to the treatment by defendant, *held* not error, since whether or not the conditions complained of were caused or aggravated by anything done by either of the dentists who testified was a matter for the jury upon which cross-examination was afforded.

6. TRIAL, § 276*—*when interrogatories do not call for ultimate and controlling facts.* In an action for malpractice in dentistry, where interrogatories were given asking whether any of plaintiff's teeth were lost and whether any were injured as a result of the conduct of defendant, *held* that neither of the interrogatories nor both together called for all the ultimate and controlling facts, where the declaration alleged and the evidence tended to show other results of the alleged negligence, such as unnecessary anguish and distress and shock and injury to the nervous system.

7. TRIAL, § 276*—*when interrogatory does not call for an ultimate and controlling fact.* In an action for malpractice in dentistry, an interrogatory whether boring holes into the roots of certain teeth for the purpose of fixing pegs therein for fastening and attaching bridges was improper dentistry does not call for an ultimate and controlling fact, where the claim was not that such method was improper but that the boring through the teeth into the bony tissues of the jawbone was negligence.

8. TRIAL, § 276*—*when interrogatory does not call for all the ultimate and controlling facts.* In an action for malpractice in dentistry, an interrogatory whether plaintiff afforded the defendant a reasonable opportunity to cure the alleged soreness and pain does not call for all the ultimate and controlling facts, where the evidence tends to show not only the causing of unnecessary pain and soreness but also ruination of the teeth for permanent bridge work.

9. APPEAL AND ERROR, § 269*—*when refusal to submit interrogatories harmless.* Refusal to submit interrogatories as to facts not controverted is harmless.

10. APPEAL AND ERROR, § 542*—*when error in admission of evidence not preserved.* If the competency of evidence is not questioned until after its admission, error can be assigned only on a motion to strike it out.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.