## The People of the State of Illinois, State Board of Examiners of Architects, Defendant in Error, v. Rodgers Company, Plaintiff in Error.

### Gen. No. 21,148.

ARCHITECTS AND ENGINEERS,—*when corporation not guilty of practicing architecture without a license.* Under Hurd's Rev. St. Ch. 10a, sec. 5 (J. & A. ¶ 479), relative to the licensing of architects, a corporation does not incur the penalty provided in section 8 of such chapter (J. & A. ¶ 482) for practicing architecture without a license, when it makes a contract for the doing of architectural work and the work is actually performed by and under the direction of a duly licensed architect, who is an employee of the corporation.

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed. Opinion filed February 24, 1916.

RALPH D. STEVENSON and ADAMS, FOLLANSBEE, HAW-LEY & SHOREY, for plaintiff in error; CALHOUN, LYFORD & SHEEAN, of counsel.

JOHN J. FALVEY, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On June 23, 1914, the present action was commenced in the Municipal Court of Chicago against the Rodgers Company, an Illinois corporation. As stated in the statement of claim, plaintiff's claim is for a penalty, not exceeding two hundred dollars, "for a violation by defendant of the statutes of the State of Illinois, Section 5 of Chapter 10a [J. & A. ¶ 479] of an act to provide for the licensing of architects and regulating the practice of architecture as a profession," in that

defendant on June 16, 1914, "was engaged in the practice of architecture, and, at Chicago, Illinois, did furnish plans and did enter into a contract to build and supervise the construction of a building at Niles, Illinois, all in violation of the aforesaid act." The defendant denied in its affidavit of merits that at the time mentioned, or at any other time, it was engaged in the practice of architecture in violation of the statute. The case was tried before the court without a jury, resulting in the defendant being adjudged to pay a fine of fifty dollars, which judgment it is sought by this writ to reverse.

There is no dispute as to the material facts. The Rodgers Company, defendant, is a corporation, organized on April 10, 1908, under the general incorporation act of this State for the purpose of carrying on the business of consulting engineering building and construction work of all kinds. On May 6, 1914, it entered into a written contract with the Catholic Bishop of Chicago, a corporation sole, to perform, upon the terms and conditions therein stated, all the necessary and usual architectural services in connection with the construction of a building about to be erected at Niles, Illinois, for said Catholic Bishop of Chicago, owner. Subsequently it furnished the owner with plans and specifications for the work to be done. The plans were all prepared by and under the direction and supervision of one K. M. Vitzthum, a duly licensed architect of the State of Illinois. Vitzthum was an employee of defendant and all of said plans and specifications were signed by him and sealed with his seal as a licensed architect.

In section 4 (J. & A. ¶ 478) of the act in question, the character of the examination to be taken by applicants for license to practice architecture is set forth, and it is provided that "any person over twenty-one years of age," upon payment of a fee, shall be entitled to an examination for determining his or her qualifications,

and it is further provided that if the result of the examination of any applicant be satisfactory to a majority of the State Board of Examiners of Architects, under its rules, the secretary upon order of the board shall issue to the applicant a certificate to that effect, and upon payment of a fee he shall thereupon issue to the person named therein a license to practice architecture in the State, in accordance with the provisions of the act, which license shall contain "the full name, birth place and age of the applicant," etc.

In section 5 (which is the section mentioned in plaintiff's statement of claim) provision is made for the licensing of persons who were engaged in the practice of the profession of architecture when the act was passed. Then it is provided: "In the case of a co-partnership of architects, each member *whose name appears* must be licensed to practice architecture." Then it is provided: "No stock company or corporation shall be *licensed* to practice architecture, *but the same may employ licensed architects.*" (J. & A. ¶ 479.) Then follow provisions requiring each licensed architect to have his or her license recorded, and that the failure so to do shall be deemed sufficient cause for revocation of the license.

In section 7 (J. & A. ¶ 481) it is provided that every licensed architect shall have a seal, the impressions of which must contain the name of the architect, his or her place of business, and the words, "Licensed Architect, State of Illinois," with which he shall stamp all drawings and specifications issued from his office for use in this State.

In section 8 (J. & A. ¶ 482) it is provided that after six months from the passage of the act it shall be unlawful, and it shall be a misdemeanor punishable by fine of not less than ten dollars nor more than two hundred dollars for each and every offense, "for any *person* to practice architecture without a license in this State, or to advertise, or to put out any sign or card

or other device which might indicate to the public that he or she is entitled to practice as an architect.''

In section 9 (J. & A. ¶ 483) it is stated that any person engaged in the planning or supervision of the erection, enlargement or alteration of buildings for others and to be constructed by other persons than himself shall be regarded as an architect within the provisions of the act; and it is provided that nothing contained in the act shall prevent draughtsmen, students, clerks of works or superintendents, and other employees of those lawfully practicing as architects under license, from acting under the instruction, control or supervision of their employers; or prevent the employment of superintendents of buildings paid by the owners from acting, if under the control and direction of a licensed architect who has prepared the drawings and specifications for the building; or prevent any person, mechanic or builder from making plans and specifications for, or supervising the erection, enlargement or alteration of any building that is to be constructed by himself or employees.

In section 10 (J. & A. ¶ 484) provision is made for the revocation and cancellation of licenses, and in section 11 (J. & A. ¶ 485) for the renewal of licenses annually.

It is urged by counsel for the defendant that the trial court erred in entering the judgment for the reason that under the facts shown the defendant is not guilty of a violation of the act in question. The contention is, that while a corporation as such cannot be *licensed* to practice architecture any more than it could be licensed to practice dentistry or pharmacy, not only because of the provision contained in section 5 of the act (J. & A. ¶ 479) but also because of its impersonal entity, yet a corporation may lawfully enter into a contract for the furnishing of architectural plans and specifications and perform such contract by employing a licensed architect to do the work, and in so doing is

not practicing architecture in violation of the provisions of said act. Counsel for defendant direct particular attention to the clause in section 5 of the act (J. & A. ¶ 479) as follows: "No stock company or corporation shall be *licensed* to practice architecture, *but the same may employ licensed architects.*" And counsel argue that it was evidently not the intention of the Legislature to prohibit a corporation from doing architectural work for others, provided such work is done by licensed architects in the employ of the corporation, first, because the evident purpose of the act is the protecting of the public by preventing incompetent and unskilful men from engaging in the practice of architecture, which purpose is accomplished where the architectural work is actually performed by a duly licensed architect; second, because the prohibition in said section 5 is only against a corporation being *licensed* to practice architecture, the purpose of which is obvious, as a corporation being an impersonal entity cannot appear before an examining board and answer questions and meet the other requirements mentioned in section 4 of the act; and third, because by the provision that a corporation "may employ licensed architects" the Legislature expressly recognized the right of a corporation to do architectural work for others by employing licensed architects. Counsel for plaintiff, in their endeavor to explain the purpose and meaning of the clause that a corporation "may employ licensed architects," contend that this was intended merely to authorize corporations, such as railroads and large industrial corporations, to employ licensed architects in connection with their own business enterprises. But in our opinion the contention is without merit, because no such provision was necessary as corporations always had that right.

After due consideration we have reached the conclusion that the defendant corporation was not guilty of any violation of the act and that the trial court erred

in entering a judgment against it. The proof showed that while the corporation made the contract for the doing of the architectural work mentioned, the work was actually performed by and under the direction of a duly licensed architect, who was an employee of the corporation.

By other legislative enactments and judicial decisions it has been recognized that corporations may engage in callings of a similar nature to that of practicing architecture in which licenses to individuals are required. By statute of this State it is provided that dentists shall be examined and licensed before practicing, and although a corporation as such cannot receive such a license, yet it is recognized that corporations may engage in the practice of dentistry by employing licensed dentists to do the work. (Hurd's St. 1913, ch. 91, secs. 37 and 44, pp. 1612, 1615, J. & A. ¶ 7435, 7450; *Hubbard v. Martin*, 184 Ill. App. 534.) So with pharmacists. (Hurd's St. 1913, ch. 91, sec. 19, p. 1606, J. & A. ¶ 7413.) And by a recent act of the Legislature (Laws of Illinois, 1915, p. 432) provision is made for the licensing of structural engineers. In section 10 of that act it is provided that while no corporation shall be licensed to practice structural engineering, yet it may prepare drawings, plans, etc., for buildings and structures if its chief executive officer or managing agent in the State shall be a structural engineer, licensed under said act.

In the State of Nebraska it is provided by statute that "it shall be unlawful for any *person* to practice medicine, surgery or obstetrics or any of the branches thereof, in this State, without first having applied for and obtained from the State Board of Health a license so to do." In *State Electro-Medical Institute v. State*, 74 Neb. 40, it is decided (1) that while a corporation is in some sense a person and for many purposes is so considered, yet it is not such a person as can be licensed to practice medicine; and (2) that the making

by a corporation of contracts to furnish the services of qualified physicians duly licensed under said statute, and the furnishing of such services by the corporation, is not a violation of such statute. The court says (p. 43): "The intention of the law is that one who undertakes to judge the nature of a disease, or to determine the proper remedy therefor, or to apply the remedy, must have certain personal qualifications, and if he does these things without having complied with the law he is subject to its penalties. Making contracts is not practicing medicine. Collecting the compensation therefor is not practicing medicine within the meaning of this statute." In *State Electro-Medical Institute v. Platner,* 74 Neb. 23, it is also decided that the contracts of a corporation to furnish the services of qualified and licensed physicians, members of the corporation or its agents, for an agreed compensation, are not prohibited by the statutes of that State, nor are they against public policy. We think that these decisions, in principle, are pertinent to the question presented in the instant case. (See also, *Crall & Ostrander v. Commonwealth,* 103 Va. 855; *Davidson v. State,* 77 Md. 388.)

Counsel for plaintiff place considerable reliance on the case *In re Co-operative Law Company,* 198 N. Y. 479, but we do not think the case is much in point. By statute of the State of New York it was made unlawful for any corporation to practice law, to render or furnish legal services or advice, to furnish attorneys or counselors for that purpose, or to advertise for or solicit legal business, and it was held in the above case that, "a corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it any more than it can practice medicine or dentistry by hiring doctors or dentists to act for it." Apparently the public policy of the State of New York as to corporations practicing dentistry, etc., is different

from that of this State as evidenced by our statutes concerning the licensing of dentists, pharmacists and structural engineers, and the licensing of architects under the act in question.

The judgment of the Municipal Court is reversed.

*Reversed.*