THOMAS HACKETT *vs.* ARRELETTA HACKETT.

As a general rule a widow has the primary right to control the burial of her husband, dependent, however, upon the peculiar circumstances of the case or the waiver of such right by consent or otherwise.

BILL IN EQUITY to compel the return of a body to its place of original sepulture.

*January* 21, 1893. STINESS, J. This is a bill in equity to compel the respondent to return the body of her late husband, Thomas F. Hackett, to the grave where it was buried and from which she has removed it, without consent of the complainant, the father and next of kin of said Thomas F. Hackett. The deceased was the owner of a burial lot, one of

a family group, in St. Mary's Roman Catholic Cemetery in the village of Crompton, where he was buried, with the acquiescence of the respondent, his widow. About six months afterward she caused the body to be exhumed and buried in the Riverside Cemetery in the city of Pawtucket. The respondent claims that she was justified in doing this, *first*, because her husband had requested her not to permit his body to be buried in a Roman Catholic cemetery, but in a Protestant cemetery ; *second*, that she did not consent to his burial in St. Mary's Cemetery, but, being overcome with grief, and with physical prostration, from nursing her husband in his last sickness, she yielded under protest, to the demand of his relatives, for the burial aforesaid, so far as to offer no resistance thereto, on account of their threats to take forcible possession of the body and of her aversion to the disgrace of any strife over his remains ; *third*, that as the widow of said Thomas F. Hackett she has the right to control the place of burial and that she has not surrendered this right.

Upon the first and second grounds set up in the answer we did not hear testimony, preferring first to consider the third ground, in which the widow claimed the right to control the place of burial, as against the next of kin ; which might be decisive of the case. We come then to the question whether the right to control the burial of a deceased husband is in the widow or in the next of kin. In *Pierce* v. *Proprietors of Swan Point Cemetery*, 10 R. I. 227, it was held that while no one can be considered as the owner of a dead body, in any sense whatever, yet there is a *quasi* property, in the custodian, in the nature of a trust for the benefit of all who have an interest in it, which the court will regulate. In that case, a widow removed the remains of her husband, which, with her consent, had been buried in his own lot and there had rested about thirteen years. The court held that as the complainant, a daughter, was then the owner of the burial lot, which had been invaded, and so was the custodian of the remains, they should be restored to the place from which they were taken. There are other cases of this sort, where the question has arisen as to the right of the next of kin, *after*

*burial;* notably the cases of *Wyncoop* v. *Wyncoop*, 42 Pa. St. 293 ; 82 Amer. Decis. 506, with notes ; Report of Hon. S. B. Ruggles, 4 Bradf. Surrog. Rep. 503 ; *Renihan* v. *Wright*, 125 Ind. 536. In *Bogert* v. *City of Indianapolis*, 13 Ind. 134, where the question was whether the city or the next of kin should have control of an interment, the court decided in favor of the next of kin. In all these cases general expressions were used by the courts to the effect that the next of kin had rights exclusive of all others. Such expressions were appropriate to the case under consideration, but are not to be taken as authority upon the question which is now before us. In *Pierce* v. *Proprietors of Swan Point Cemetery* and *Wyncoop* v. *Wyncoop, supra,* the right of a widow to remove the remains of her husband, against the will of the next of kin, was denied upon the ground of her consent and long acquiescence in the burial ; but those cases do not decide that the next of kin had a superior right to that of the widow at the time of the burial. The third conclusion of Mr. Ruggles, in his report cited above, is : "That such right, in the absence of any testamentary disposition, belongs exclusively to the next of kin." But in a note to *Weld* v. *Walker*, in 14 Amer. Law Review, (vol. 1, N. S.) 62, it is said that Mr. Ruggles added a note to the original report, in explanation of the term "next of kin," stating that it was not employed for the purpose of denying or questioning the legal right of a surviving husband to bury his wife's remains, or to reinter them if disturbed. In *Snyder* v. *Snyder*, 60 How. Pr. 368, the right to select a place of burial was awarded to a son, instead of the widow. The son was born of a former marriage ; and the widow was a second wife, who had been married to the deceased but four years, with no children ; and the last two years of his life had been spent in a lunatic asylum. The widow desired the remains to be buried in a lot owned by her father, and the son desired to bury them in a lot owned by the deceased at his former home, in Connecticut, by the side of his first wife and deceased children. Under these circumstances the court decided in favor of the son. The judge giving the opinion concluded with these words : "I mean to

recognize the fact that circumstances may exist which should give the widow the preference over the son, but in this case I think the claim of the son is to be preferred." We know of no case that denies to a husband, who was not separated from his wife, the right to select the place of burial. Even in case of a separation the husband has been held liable for the expense of interment, which had been incurred by a relative of the wife, without his knowledge or consent. *Ambrose* v. *Kerrison*, 10 C. B. 776. In *Durell* v. *Hayward*, 9 Gray, 248, the court assumes "the indisputable and paramount right, as well as duty, of a husband to dispose of the body of his deceased wife by a decent sepulture in a suitable place." See also *Cooney* v. *Lawrence*, 11 Pa. County Ct. 79. But if, as a rule, where there have been no discordant relations, a husband has the right to bury his wife, why should not the widow have the same right, with reference to his remains? A woman is naturally quite as sensitive in such a matter as a man. It would be quite as great a shock to her to have the body buried against her wishes as it would be to a man. Her's is a relationship closer than that of kindred, for it is the teaching of Holy Scripture : " A man shall leave father and mother and shall cleave to his wife and the twain shall be one flesh." The chances of complications by remarriage are no greater in her case than in that of a man and the reasons which give the right to the husband are equally applicable to her. It would be a shock to the sensibilities of humanity to say that the reasonable wishes of a wife in regard to the burial of her husband should not be entitled to paramount respect, when such a right would be accorded to him. It is useless to say that a married woman cannot make a contract, for as a widow she is under no disability and the funeral expenses are a preferred charge on the husband's estate. This is not a question of contract, nor of liability, but of sentiment and propriety. In no case is it an absolute right, but as this court has already said, "a sacred trust for the benefit of all who may, from family or friendship have an interest in it," which should be properly administered ; and, as we now say, primarily administered

by the wife, due regard being had to the circumstances of the case. As remarked by the court in *Scott* v. *Riley*, 16 Phila. 106: "A legal right of this character should be based upon natural affection, or moral obligation. It should accomplish the object in a becoming manner." It is also added that to give this right to the next of kin takes from the widow the right to bury her dead and gives it to kindred, who, perhaps, had no affection for her husband and very little of his blood in their veins. It also gives the right to classes, which might lead to unseemly contentions. In 10 Albany Law Journal, 70, reference is made to the *Secor case*, heard in the Supreme Court of Kings county, the report of which we have not been able to find. It was a suit by a widow to enjoin a son from removing the remains of his father which had been buried by the widow without dissent, to a lot purchased by the son for a family burial place, pursuant to instructions from his father and partly with his own money. The court granted the injunction against the son. Mr. Justice Pratt remarked: "Those bound by the closest ties of love to the deceased while he was alive, should render these sacred rights, and they ought not to be left to others."

For these reasons we are of the opinion that, as a general rule, the primary right to control the burial of a husband should be with the widow, in preference to the next of kin, dependent however, upon the peculiar circumstances of the case or the waiver of such right by consent or otherwise. In all the cases, the matter of consent is a controlling element, where the body has been buried. In the present case it is claimed that there was simply non resistance, coupled with a protest, on account of threats and fear of a disgraceful scene, but no consent by the respondent. If consent obtained by coercion, or by an undue advantage taken of one's physical and mental prostration, be sufficient to vitate a mere contract, for a stronger reason should it be so in a case which touches far more keenly the feelings, privileges and comfort of one bereaved by death. So in *Weld* v. *Walker*, 130 Mass. 422, under precisely similar allegations, a husband was allowed to remove the body of his wife, after burial, from a

lot owned by members of her family to a lot owned by himself. In the present case, as we have heard no testimony, the question of consent must stand for hearing.

*George J. West*, for complainant.

*Daniel R. Ballou & Frank H. Jackson*, for respondent.