### NIAGARA FIRE INS. CO. v. WATERS.

No. 17232.    Opinion Filed March 27, 1928.

(Syllabus.)

**Insurance—Action on Fire Policy Brought Before Expiration of 60 Days After Filing Proof of Loss not Premature Where Insurer Had Denied Liability by Repudiating Proof of Loss.**

An action to recover on a policy of fire insurance brought before the expiration of 60 days after the filing of proof of loss, which period under the terms of the policy must elapse before accrual of liability of the insurer, is not prematurely brought where the insurer, in terms equivalent to an express denial of liability, informed the insured that such proof of loss could not be recognized as such on the ground that the same was not filed within 60 days after the loss as required by other provisions of the policy.

Commissioners' Opinion, Division No. 1.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by Mary E. Waters against the Niagara Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed, with judgment rendered on the supersedeas bond.

Rittenhouse & Rittenhouse, for plaintiff in error.

E. B. Arnold and W. A. Woodruff, for defendant in error.

TEEHEE, C. In the court below, where the parties appeared in their reverse order, and will hereinafter be so referred to, the plaintiff, Mary E. Waters, in a suit on a fire insurance policy against the defendant, Niagara Fire Insurance Company, recovered a judgment of $1,000 for loss covered by the contract of insurance. Upon unsuccessful motion for a new trial and supersession of the judgment by bond, the defendant brought the cause to this court for review.

The matter presented for our consideration is whether or not the action was prematurely brought. This was raised by demurrer to the petition for insufficiency to state a cause of action, objection to the introduction of testimony, and a demurrer to plaintiff's evidence. As these objections are resolvable into the single proposition presented, they will thereunder be considered.

Briefly, the petition, filed February 12, 1925, alleged in substance the contractual relationship of the parties under the policy of insurance, a copy of which, by exhibit, was made a part of the pleading. The loss on the policy occurred on August 23, 1924. Compliance with the terms of the policy in that proof of loss and other requisite action on the part of the insured and nonpayment was alleged. Upon demurrer the petition, on April 14, 1925, was amended by interlineation to show the value of the property at the time of its destruction. Upon unsuccessful demurrer to the petition as thus amended, defendant answered, in effect, denying liability on the ground of failure of the insured to comply with the terms of the policy as a condition precedent to accrual of liability of defendant thereunder.

Under the rule of verity of a pleading and the logical and reasonable inferences to be drawn therefrom upon attack by demurrer and objections to the introduction of evidence, the petition as amended by interlineation must be regarded as sufficient to state a cause of action. St. Louis & S. F. Ry. Co. v. Bateman, 112 Okla. 86, 240 Pac. 110. This, however, does not completely dispose of the cause as the asserted prematurity of the action was in reality developed by the evidence. The policy required that proof of loss be made within 60 days of the destruction of the property insured. Such proof was not made until January 15, 1925, which was more than 60 days after the loss. While this noncompliance is not urged upon us, yet it serves as a background for defendant's complaint against the judgment, and is so interwoven into the thread of its argument that it is proper to here observe that such noncompliance did not prejudice the rights of the insured. It only postponed the right of action until after compliance which could thereafter be made notwithstanding the 60-day period of limitation fixed by the contract. Commercial Union Assur. Co. v. Schultz, 37 Okla. 95, 139 Pac. 572; Connecticut Fire Ins. Co. v. Colorado L., M. & M. Co., 50 Colo. 424, 116 Pac. 154.

The policy further provided that liability would not accrue until after 60 days of the

filing of proof of loss. Such proof was filed with the company on January 15, 1925. On January 20, 1925, defendant, by letter of its agent, informed the insured that it could not recognize this as such proof on the ground that it was not made within 60 days of the loss as required by the terms of the policy. Thereupon suit on the contract was filed on February 12, 1925, within the 60-day period of filing of the proof of loss, for which reason defendant contends that the action was prematurely brought.

It is the rule in this class of cases that a suit brought prior to the accrual of liability of the insurer under the terms of the contract, is premature. Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948. On this rule defendant relies. In our view, in the circumstances of this case, the rule thus relied on is here without application. In its letter of refusal of recognition defendant stated its position as follows:

"I observe the statement that this loss occurred on August 23, 1924. This being true, policy required that a satisfactory proof of loss be filed within 60 days after the loss or damage is sustained; therefore, an attempt to file proof of loss at this time is not in compliance with the policy conditions, and we could not recognize same as such."

This was tantamount to an express denial of liability, for defendant made it plain that the making of proof of loss under the terms of the policy was foreclosed, and thus rendered further efforts of plaintiff to make other proof futile, if the proof made be considered defective, which thus superinduced rejection as is inferentially contended by defendant in its effort to distinguish between rejection of proof of loss by reason of some defect and denial of liability. Defendant's reasoning that the effect of its rejection postponed the right of action beyond the 60-day period, if plaintiff elected to stand on the proof of loss as made and proffered, is, under the language of rejection employed by defendant, without basis, hence Nance v. Oklahoma Fire Ins. Co., supra, and other like cited cases supporting the asserted principle, afford defendant no relief. An action to recover on a policy of fire insurance brought before the expiration of 60 days after the filing of proof of loss, which period under the terms of the policy must elapse before accrual of liability of the insurer, is not prematurely brought where the insurer, in terms equivalent to an express denial of liability, informed the insured that such proof of loss could not be recognized as such on the ground that the same was not filed within 60 days after the loss as required by

other provisions of the policy. It has been so held in other jurisdictions where there was an express denial of liability. California Ins. Co. v. Gracey, 15 Colo. 70, 24 Pac. 577, 22 A. S. R. 376; Clark Millinery Co. v. National Union Fire Ins. Co., 160 N. C. 130. 75 S. E. 944, Ann. Cas. 1914C, 367; Home Ins. Co. v. Hancock, 106 Tenn. 513, 62 S. W. 145, 52 L. R. A. 665. Having concluded that there was the equivalent of an express denial of liability in the cause at bar, we may say, as was said in California Fire Ins Co. v. Gracey:

"It would be unreasonable, to say the least, for us to hold that, under such circumstances as are here presented, the assured is nevertheless bound by the clause in question, and must wait the expiration of the 60 days before commencing suit. Such is not the law."

And we may further properly observe, as was said in Western & A. Pipe Line Co. v. Home Ins. Co., 145 Pa. 346, 22 Atl. 665, 27 A. S. R. 703, that:

"Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire frankness, and it is not the province of courts to indulge in conjectures favorable to such insurance companies as are disposed, upon mere technicalities, to avoid the payment of honest claims."

Therefore the demurrer to the evidence was properly overruled.

Determination of the additional point urged in defendant's argument, to the effect that since the amendment was made by interlineation without refiling the petition, the cases of Western Reciprocal Underwriters' Exchange v. Coon, 38 Okla. 453, 134 Pac. 22, and Oklahoma Fire Ins. Co. v. Mundel, 42 Okla. 270, 147 Pac. 415, holding that the defect is cured by the filing of an amended petition after the accrual of liability, relied on by plaintiff in that phase of the case, were without application, is, in view of the conclusion above reached, rendered unnecessary.

For the foregoing reasons the judgment of the district court is affirmed.

Plaintiff has asked that this court render judgment against the defendant and its surety on the supersedeas bond. The bond appears in the case-made, is signed by the defendant, Niagara Fire Insurance Company, as principal, and United States Fidelity & Guaranty Company, as surety, and is conditioned to pay the judgment with interest at 6 per cent. per annum from August 23, 1924, and until paid, if the same be affirmed, and

the costs in the cause. Under section 797, C. O. S. 1921, plaintiff is so entitled to the judgment asked. United Fig & Date Co. v. Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211. It is therefore adjudged, ordered and decreed by this court that the plaintiff, Mary E. Waters, have and recover from the defendant, Niagara Fire Insurance Company, principal, and the United States Fidelity & Guaranty Company, surety, on said supersedeas bond, the sum of $1,000 with interest at the rate of 6 per cent. per annum from August 23, 1924, and until paid, and the costs of this action, and for which let execution issue.

BENNETT, LEACH, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 26 C. J. p. 473, §668; anno. 22 A. L. R. 402; 14 R. C. L. p. 1349 et seq.; 3 R. C. L. Supp. p. 388; 4 R. C. L. Supp. p. 965; 5 R. C. L. Supp. p. 815; 6 R. C. L. Supp. p. 888.