**TAYLOR v. BROWN, County Treas., et al.**

No. 17508. Opinion Filed June 18, 1929.

Rehearing Denied Sept. 9, 1930.

Sandlin & Winans, for plaintiff in error.

J. H. Long and J. C. Sullivan, for defendants in error.

TEEHEE, C. In this cause J. C. Taylor, as plaintiff, sought to enjoin the defendants, H. A. Brown, county treasurer of Stephens county, and N. C. Williams, delinquent personal tax collector for said county, from proceeding to collect by tax warrant ad va orem taxes assessed and levied on an automobile owned by plaintiff as a dealer in automobiles for the year 1924. Upon the filing of plaintiff's petition, the court issued a temporary injunction pending a hearing. The cause was heard upon a stipulation of facts, this being as follows:

"It is hereby stipulated and agreed by the plaintiff and the defendants in the above-entit'ed action, that during the year 1924. the plaintiff, J. C. Taylor, was a. dealer in new automobiles in the city of Duncan, Stephens county, Okla., and that as such dealer he procured for said year, dealer's license as provided by law, and paid the sum of $25 therefor, and that license was issued by the Highway Department of the state of Oklahoma, and that on the 1st day of January, 1924. he was the owner and had on display in his show room at his place of business in said city of Duncan, one new automobile which was assessed on an ad valorem basis by the county assessor of Stephens county, Okla., at a valuation of $1,500, and that no tax, or taxes other than the dealer's license tax, was paid upon this property for the year 1924; that the amount of the tax assessed against this property on an ad valorem basis was the sum of $99.35, and it is agreed by the plaintiff and the defendants that the only question for the court is, Was the above-described property taxable on an ad valorem basis for the year 1924?"

At the conclusion of the hearing, the court rendered judgment in denial of the plaintiff's petition and dissolved the temporary

injunction, whereupon plaintiff brought the cause to this court for review.

By this appeal the single question presented is, Was plaintiff, who had paid the dealer's fee as an automobile dealer, legally required to pay an ad valorem tax on the automobile owned by him as a part of his merchandise stock for the year 1924? Thereunder plaintiff contends that the registration fee required of automobile dealers, which he had paid in the amount and in the manner provided by law, was in lieu of ad valorem tax on the property for the year in which the fee was paid, and urges that this was the legislative intent in the enactment of our statutory provision upon the subject, and that, if this be not true, there would be required to be paid on the same property by the dealer a double tax contrary to law, namely, the dealer's registration tax and the ad valorem tax.

It is, of course, elementary that legislative intent in the enactment of law must be ascertained from a consideration of all the statutory provisions having a relation to the subject-matter. The relevant provisions in force at the time of the levy and assessment of the tax sought to be collected by the tax warrant were sections 1, 2, 3, and 8 of chapter 290, S. L. 1919, which appear as sections 10129, 10130, 10131, and 10136, C. O. S. 1921, to which reference will be made by the designated compiled numbers. Sections 10129 and 10130 required every owner or custodian of an automobile to register the same with the State Department of Highways. Section 10131 fixed the rate of the fees to be paid upon the registration of each automobile, which was based upon the manufacturer's list price of the automobile, with a reduction thereof where registration is made for such time as would be less than three-fourths of the annual period. By said section it was specifically provided that:

"The registration fee imposed by this article upon motor vehicles other than those of manufacturers and dealers should be in lieu of all taxes, general or local, to which motor vehicles may be subject as personal property under the laws of this state."

Section 10136 provided as follows:

"Every person, firm, association or corporation manufacturing or dealing in new motor vehicles may, instead of registering each motor vehicle so manufactured or dealt in, make a verified application upon a blank to be furnished by the Department of Highways, for a general distinctive number for all the motor vehicles owned or controlled by such manufacturer or dealer, such application to contain: (a) a brief description of each style or type of motor vehicle manufactured or dealt in by such manufacturer or dealer, including the character of the motor power, and the amount of such motor power stated in figures of the horsepower; and (b) the name, residence and business address of such manufacturer or dealer. On payment of registration fee of $25 such application shall be filed and registered in the office of the said department in the manner provided in this article. There shall, thereupon, be assigned and issued to such manufacturer or dealer a general distinctive number and duplicate, certificate of registration, and four identification and number plates, in the same manner and form as provided in this article for general registration, which shall be displayed by every motor vehicle of such manufacturer or dealer, so registered when the same is operated, driven or displayed on the public highways in the same manner as hereinbefore provided, in this article. No number plate shall be used except those issued by the State Department of Highways. Such manufacturer or dealer in new motor vehicles, may obtain as many additional identification and number plates in duplicate as may be desired upon payment to said department the sum of $12.50 for each additional number plate. Nothing in this subdivision shall be construed to apply to a motor vehicle operated by a manufacturer or dealer in new motor vehicles for a service car, or for private use, or for hire. Such registration shall be renewed annually in the same manner and on the payment of the same fee as provided in this article for original registration, such renewal to take effect on the first day of January of each year: Provided, that the Commissioner of Highways may refuse to issue a license to any dealer or manufacturer, who during the previous calendar year has failed to comply with the requirements of the law relating to motor vehicles, or has caused or permitted, or is causing or permitting the unlawful use of such registration certificate or identification and number plates."

From the foregoing provisions of the law, the legislative intent in respect to the subject under consideration appears to have been: First, the establishment of a general registration system of automobiles, and that the payment of the general registration fee was in substitution of an ad valorem tax, the usual public charge, on the automobile as property for the year in which the registration fee was paid; second, that the specified dealer's fee is in the nature of an occupation tax, which would give the dealer the privilege of the use of the public highways in the conduct of his business, as for the purpose of demonstration of such prop-

erty in the sale thereof, and that automo biles owned by such dealer as a part of his merchandise stock shall be considered as any other property constituting his stock of merchandise and listed for taxation as by the general law required on an ad valorem basis. The fact that a dealer is required to pay the designated dealer's fee on his merchandise stock of automobiles and an ad valorem tax thereon for the same year, does not constitute double taxation on the property as contended by plaintiff, for the reason that the two are separate and distinct subjects of taxation; the first, the dealer's fee, being in the nature of an occupation tax for the privilege of conducting the business of an automobile dealer with the use of the public highways of the state available and usable in the conduct of such business, and the second, the ad valorem tax, being distinctly and clearly a property tax on the property itself, as distinguished from the privilege to the use of the highways in the conduct of the business of a dealer in automobiles. We are of the opinion, therefore, that the dealer's fee provided by section 10136, C. O. S. 1921, is in the nature of an occupation tax, with the privilege of use of the public highways in the conduct of the business of a dealer in automobiles, and that payment thereof does not exempt the dealer from the payment of an ad valorem or property tax on his automobiles owned by him as his stock of merchandise for the year in which the fee was paid. That this would not be objectionable as double taxation and not now open to controversy appears to be well settled. State v. Ingalls, 18 N. M. 211, 135 Pac. 1177; State ex rel. McClung v. Becker, 288 Mo. 607, 233 S. W. 54; Harder's Storage Co. v. Chicago, 235 Ill. 58, 85 N. E. 245; Jackson v. Neff, 64 Fla. 326, 60 So. 350; Smallwood v. Jeter, 42 Idaho, 169, 244 Pac. 149.

Accordingly. the judgment of the district court is affirmed.

Defendants have asked that this court render judgment against the plaintiff and their sureties on the supersedeas bond given by plaintiff. The bond in the sum of $200 appears in the case-made, is signed by the plaintiff as principal, and C. H. Smith, Fred Holder, H. C. Allen, C. E. Broadbent, and L. F. Massey, as sureties, and is conditioned to pay the amount of taxes sought to be enjoined, this being in the sum of $99.35, with the interest thereon and penalties according to law, and the costs in the cause, if the judgment of the trial court be affirmed. By virtue of section 797, C. O. S. 1921,

defendants are so entitled to the judgment asked. Niagara Fire Ins. Co. v. Waters, 130 Okla. 128, 265 Pac. 759. It is therefore adjudged, ordered, and decreed by this court that the defendants, H. A. Brown, county treasurer of Stephens county, and M. C. Williams, delinquent personal tax collector for said county, have and recover from the plaintiff, J. C. Taylor, and his sureties, C. H. Smith, Fred Holder, H. C. Allen, C. E. Broadbent, and L. F. Massey, on said supersedeas bond, jointly and severally, the sum of $99.35. with interest thereon and penalties according to law, and until paid, and the costs of this action, and for which let execution issue.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

CLARK, HEFNER, and SWINDALL. JJ., dissent.

---

CLARK, J. (dissenting). I cannot agree with the conclusion reached in the opinion by Commissioner Teehee, approved by the majority of this court. In this action J. C. Taylor sought to enjoin the defendants. H. A. Brown, county treasurer of Stephens county, and N. C. Williams, delinquent personal tax collector of said county, from proceeding to collect, by a tax warrant. ad valorem taxes on an automobile owned by plaintiff, for the year 1924.

The majority opinion holds that the dealer's fee provided for in section 10136. C. O. S. 1921, is in the nature of an occupation tax, with privilege of the use of the public highways in the conduct of his business of a dealer in automobiles, and that the payment thereof does not exempt the dealer from payment of an ad valorem or property tax on his automobiles owned by him as his stock of merchandise, for the year in which the fee was paid.

Defendants in error at page 1 of their brief state:

"There is only one question presented to this court, and that is: 'Was the new automobile owned by the dealer, J. C. Taylor, taxable on an ad valorem basis for the year 1924?'"

The Legislature in 1915 provided for the registration and taxing of automobiles. Session Laws 1915, chapter 173. This law was construed by this court in Ex parte Shaw, 53 Okla. 654, 157 Pac. 900. At page 664, in referring to this act, this court said:

"* * * The act must stand unless unconstitutional. * * * Counsel contends that it is, because, they say, that part of article 4, section 3, of the act which reads: 'The registration fees imposed by this article upon motor vehic.es, other than those of manufacturers and dealers, shall be in lieu of all taxes, general and local, to which motor vehicles may be subject as personal property under the laws of this state,' and ·section 12, which reads: '* * * After Ju y 1, 1915, no motor vehicle, as defined herein. shall be taxed on an ad valorem basis and the county assessor shall not make return of any such motor vehicle in any assessment sheet. after said date,' constitute an attempt on the part of the Legislature to exempt from taxation motor vehicles which were not so exempt before, contrary to the Const'tution, article 5, section 50, which reads: 'The Legislature shall pass no law exempting any property in this state from taxation except as otherwise provided in this Constitution.' But this was not an exemption of property, but a substitution of one form of taxation for another, as held In re Gross Production Tax of the Wolverine Oil Co.. 53 Okla. 24, 154 Pac. 362."

The taxing authorities of this state have not attempted to tax automobiles on an ad valorem basis.

Section 10131, C. O. S. 1921, provides the license fee that should be paid by automobile owners other than manufacturers or dealers. It further provides that:

. ."The registration fee imposed by this article, upon motor vehicles other than those of manufacturers and dealers, shall be in lieu of all taxes, general or local, to which motor vehicles may be subject as personal property under the laws of this state."

Section 10136, as amended by Session Laws 1925, page 62, provides in part as follows:

"Every person, firm. association, or corporation manufacturing or dealing in new motor vehicles may, instead of registering each motor vehicle so manufactured or dealt in, make a verified application upon a blank to be furnished by the Department of Highways. for a general distinctive number for all motor vehicles owned or controlled by such manufacturer or dealer * * *on payment of a registration fee of $25."

This article permits a dealer in motor vehicles, instead of registering each motor vehicle, to take out a dealer's license in lieu thereof. The agreed statement of facts in the case at bar discloses that the plaintiff owned one car. He was not required under this law to take out a dealer's license, but he could have registered this car under section 10131, supra, and, as stated in the brief of plaintiff in error, this registrat_on fee would have cost $17. The dealer has a choice of taking out the dealer's license or the license provided for in section 10131, supra. Had the owner of this car taken out a license under section 10131, the statute specifically providing that this shall be in lieu of all other taxes, and the owner having a choice to register his car under 10131 or 10136, it necessarily follows that the license fee paid under 10136 is in lieu of all other taxes.

The effect of the majority opinion would be to require all automobile dealers to list their automobi es for ad valorem taxes. The tax provided for in section 10136 is not an occupation tax, for the reason that all dealers are not required to take out dealer's license but have the privilege of registering their cars under section 10131. The law further provides that when an automobile is sold it cannot be delivered until section 10131 has been complied with by the purchaser.

The opinion, at page 19, states that the specified dealer's fee is in the nature of an occupation tax, which wou'd give the dealer the privilege of the use of the public highways in the conduct of his business for the purpose of demonstration of such property in the sale thereof.

Section 10129, C. O. S. 1921, provides:

"Every owner or custodian of a vehicle with motor attachment having value, whether in operation on the public highways of this state or in storage, shall, except as herein otherwise expressly provided, cause to be filed by mail or otherwise in the office of the Department of Highways, or with its agent, a verified application for registration."

This act, in effect, requires a'l motor vehicles to be registered with the Department of Highways. and further provides the license fee to be paid, which has been construed by this court to be substituting one form of taxation for another.

The automobile in the case at bar was not subject to ad valorem taxes under any statute in Oklahoma. The county assessor was prohibited from putting it on the tax roll for ad valorem taxes, and the only tax the owner was liable for was the registration fee provided in section 10131, supra, or if he shou'd so desire, the license or dealer's fee provided for in section 10136, supra.

The effect of the majority opinion in holding the dealer's fee in the nature of an

occupation tax which would give the dealer the privilege of the use of the public highways in the conduct of his business, would apply with equal force to every owner of automobiles in Oklahoma. If dealer's fee is not in lieu of ad valorem taxes, then the fee provided for in section 10131 would, of necessity, be an occupation tax and not in lieu of ad valorem taxes.

The question is, Does section 10136, known as the dealer's fee, levy a property tax or a privilege tax? It is contended by plaintiff in error that the payment of the tax therein provided is the payment of a property tax. It is true the statutes use the term "registration fee," but as observed in Re Skelton Lead & Zinc Co.'s Gross Production Tax, 81 Okla. 134, 197 Pac. 495:

"The kind of a tax, or the species to which it belongs is not made by giving it a name, nor its species changed by changing its name, either by legislative enactment or by judicial decree. It is a property tax or an occupation tax, according to the mission given it by the law under which it is levied."

And as stated in State v. Wetz (N. D.) 168 N. W. 835, there is no particular magic in a name or even a legislative designation of a particular form of taxation. Though the Legislature may call that which is distinctly a tax by some other name, it nevertheless remains a tax.

Section 50, article 5, of the Constitution provides:

"The Legislature shall pass no law exempting any property within this state from taxation except as otherwise provided in this Constitution."

The question then arises, Did the Legislature intend to exempt motor vehicles from taxation, in violation of section 50, article 5, of the Constitution, or did they intend simply to substitute one kind of taxation for another? That the Legislature may substitute one form of taxation for another has many times been held by this court, notably in the following cases: In Re Gross Production Tax of the Wolverine Oil Co., supra, and Ex parte Shaw, supra.

In the Gross Production Tax Case this court said:

"That portion of the act which provides that the tax levied shall be in lieu of all other taxes that might be levied and collected upon an ad valorem basis upon the equipment and machinery in and around any well producing natural gas or petroleum or other mineral oil, and used in actual operation of such producing well from which a gross production tax is collected as herein provided,' is not an exemption from taxation as prohibited in sections 46, 46U, 50, of art. 5, of the State Constitution, but a substitution of one form of taxation for another upon the conditions named in the act."

Also in Re Oklahoma Nat. Life Ins. Co., 68 Okla. 219, 173 Pac. 376, it is held that the mortgage tax provided for in section 2, chapter 246, Session Laws of 1913, shall be exempt from ad valorem and other taxes; the act substituting in lieu thereof a mortgage registration tax on the mortgage.

If the automobile tax is one on privilege and not on property, then it cannot but be said that the Constitution has been violated if it provides that the Legislature shall pass no law exempting any property from taxation. If the license fee provided for in section 10136, supra, is one on privilege, then the license fee provided for in 10131 is also one on privilege, so the result would be that all automobiles in Oklahoma, whether operated by dealers, owners, or by citizens for their individual use, would be subject to ad valorem taxes under the reasoning in the majority opinion.

I am of the opinion that the Legislature substituted the dealer's fee for a property tax, and in so doing the automobile is not liable for an ad valorem tax.

Section 5 of article 10 of the Oklahoma Constitution provides:

"The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects."

The agreed statement of facts shows that the amount of the tax assessed against this property on an ad valorem basis was the sum of $99.35 for the year 1924. It is stated in the brief, and I assume that it is correct, that the license fee provided for in 10131 on the car in question would be $17. Then, under the majority opinion, the tax on this property in the hands of a dealer would be $99.35 and the tax on the same property in the hands of the individual owner or user of said car would be $17. So it can be readily seen that an attempt to tax a car in the hands of a dealer at a higher or greater rate of taxation than a car in the hands of an individual citizen, who owns the car for his own private use, would be in violation of section 5 of article 10 of the Constitution, which provides that taxes shall be uniform upon the same class of subjects, and the fact that one man owns property for the purpose of sale and another for his own personal use would not permit a

different rate of taxation under this section of the Constitution.

I respectfully insist that the judgment of the trial court should be reversed and judgment rendered granting to plaintiff in error a permanent injunction.

HEFNER and SWINDALL, JJ., concur in this dissent.

Note.—See "Taxation," 37 Cyc. p. 891, n. 34.