## ROLLINS v. HEUMAN.

No. 24724.   April 9, 1935.

T. L. Brown, for plaintiff in error.

Baker H. Melone, for defendant in error.

PER CURIAM.  This is an appeal from a verdict and judgment in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, in an action to recover both actual and exemplary damages for conversion of personal property.

The facts on which plaintiff relies, as disclosed by the pleadings, are as follows, to wit:

That he was the owner of an automobile in which he was traveling, as a tourist, from his home in Ohio to Galveston, Tex.; that his route of travel led by way of Tulsa, Okla.; that he arrived in Tulsa on November 28, 1931; that said automobile was regularly and duly licensed in the state of Ohio for the year 1931; that he had in his possession, and showed to defendant, his muniments of title to said automobile and certificate of registration showing license tax to have been paid in the state of Ohio for said year 1931.

That on the 3rd day of December, 1931, defendant, without the consent of plaintiff, forcibly took possession of said automobile, retaining possession thereof against the repeated demands of plaintiff for its return; that the seizure and sale of said automobile by the defendant for alleged delinquency in the payment of the 1931 license tax to the state of Oklahoma was wrongful, willful, and malicious, for the reason that there was no automobile license tax due the state of Oklahoma for the year 1931.

Plaintiff produced ample competent evidence to support a finding by the jury that these facts were true, and in addition thereto the following facts: Upon the issuance of the certificate of registration by the state of Ohio for the year 1931, there was issued to plaintiff two license plates, one of which

436

he attached to the front of said automobile and one to the rear. When he came into Oklahoma said license plates were so attached to said automobile, and that he lost the rear tag near Claremore, Okla., en route to Tulsa; that upon his arrival in Tulsa he was questioned by defendant. Plaintiff thereupon informed defendant of the loss of the rear tag and disclosed his certificate of registration.

The defendant admitted the seizure and detention of said automobile on the 3rd day of December, 1931, and in justification thereof claimed that, as automobile license tax collector of the state of Oklahoma, in and for Tulsa county, he detained said automobile for the nonpayment of the 1931 automobile license tax claimed by him to be due the state of Oklahoma; that said automobile was detained for the purpose of enforcing the laws of the state of Oklahoma; that said automobile was sold on the 12th day of January, 1932, by the sheriff of Tulsa county, on a warrant from the Oklahoma Tax Commission, and that said acts were therefore not malicious.

The jury returned a verdict in favor of plaintiff for the sum of $200 as actual damages, but refused to allow for exemplary damages.

The defendant on appeal presents as error:

First. That the plaintiff, as a matter of law, is not entitled to recover upon the facts admitted in his petition and reply.

Second. That the court misdirected the jury in matters of law, wherein the court instructed the jury in part as follows:

"You are instructed that if you find that the plaintiff had complied with the laws of the state of Ohio relating to the registration and licensing of his car, and came into the state of Oklahoma, and was in the city of Tulsa with his car bearing a tag or mark showing that he had complied with the laws of Ohio in respect to the registration of said automobile, then under the law he had a right to use the roads and streets of the city of Tulsa and the state of Oklahoma for 60 days in the year of 1931, without obtaining additional license or registration within this state, and a seizure of his car within 60 day period for not having proper license upon his car was unlawful and without authority of law, and was a conversion by the defendant of the plaintiff's automobile, and your verdict should be for the plaintiff for the reasonable market value of the car at the time of the seizure by the defendant."

These two assignments of error raise all the legal questions presented in this case and may be properly considered together.

The law applicable is contained in section 10281, O. S. 1931. By the enactment of this section of our statute, it was the intention of the Legislature to co-operate with other states and permit the free use of our highways by residents of other states, for a period of 60 days, or for the same length of time as such other state accords the same privileges to residents of this state. By this section the Legislature provided exceptions to the law relating to the registration and licensing of resident owned cars generally, and granted certain privileges or exemptions to nonresidents or tourists temporarily within the state.

Since the laws of Ohio were neither pleaded nor proved, the presumption prevails that the laws of Ohio relative to the licensing and registration of automobiles are the same as the laws of Oklahoma. This being true, the defendant contends that since plaintiff did not have a license plate displayed on the rear of his automobile, or a duplicate application in his possession showing that an application had been made to the proper authorities for a duplicate license plate, he therefore was not within the protection of section 10281, supra. That the Ohio license plate attached to the front of said automobile did not suffice as a "native tag or mark showing that it has complied with the laws of the state or country from which it came relating to the registration and licensing of vehicles." (Section 10281, supra.) This, notwithstanding the plaintiff had in his possession, and disclosed to defendant, all necessary papers showing his title to said automobile and his registration certificate showing the 1931 license tax to have been paid to the state of Ohio.

To so construe and apply said section 10281, supra, would be entirely too narrow. Legislative intention must be ascertained from a consideration of all the statutory provisions having relation to the subject-matter. Campbell v. Cornish, 163 Okla. 213, 22 P. (2d) 63; Taylor v. Brown, Co. Treas., et al., 145 Okla. 18, 291 P. 10; Avery et al. v. Interstate Groc. Co. et al., 118 Okla. 268, 248 P. 340; Board of Co. Com'rs v. Ryan, Co. Treas., 107 Okla. 278, 232 P. 834; and De Graffenreid et al. v. Iowa Land & Trust Co., 20 Okla. 687, 95 P. 624.

In section 10269, O. S. 1931, it is provided that in the event of loss of a number plate, the owner of the vehicle may obtain from the proper authorities another plate in lieu of the original by filing an affidavit

showing such loss, and upon the payment of a fee of $1. No definite time is fixed within which the owner is required to procure the duplicate plate. He certainly would have a reasonable time within which to provide a duplicate license plate, in the event of the loss of the original. What is a reasonable time in any given case depends upon the circumstances of the particular case.

To give sections 10268, 10269, 10278, and 10281, O. S. 1931, the strict construction claimed by defendant, would cause one who loses an automobile tag on the highway to immediately stop and immediately make application for a duplicate tag before proceeding. We do not think that the Legislature intended any such result.

Among the rules pertaining to the construction of statutes adhered to by this court, is one providing that where the literal meaning of the statute would result in great inconvenience, or lead to absurd consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended, and to adopt a construction which would promote the ends of justice and avoid the absurdity. Campbell v. Cornish et al., 163 Okla. 213, 22 P. (2d) 63; Protest of C., R. I. & P. Ry. Co., 137 Okla. 186, 279 P. 319.

Another rule is to the effect that every statute should have a reasonable, sensible construction in preference to one which renders it, or a substantial part of it, useless or deleterious. Campbell v. Cornish et al., 163 Okla. 213, 22 P. (2d) 63; Board of Education v. Woodworth et al., 89 Okla. 192, 214 P. 1077; C., R. I. & P. Ry. Co. v. State et al., 90 Okla. 173, 217 P. 147.

Another rule is that statutes requiring or authorizing a levy of taxes are to be construed most strongly against the government in favor of the taxpayer. Campbell v. Cornish et al., 163 Okla. 213, 22 P. (2d) 63, and numerous other cases cited therein.

We have carefully examined the record in this case, and find that the facts admitted in plaintiff's petition and reply were not such as to bar a recovery, as a matter of law, as claimed in the first assignment of error. That under the circumstances as disclosed by the record, it was not error to instruct the jury, in part, as by instruction, supra, and complained of in the second assignment of error. It follows that it was not error to refuse a new trial on these grounds. The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Ernest F. Smith, W. E. Crowe, and Theodore R. Moore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Smith and approved by Mr. Crowe and Mr. Moore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.