**In re AUTOPSY OF J. Roy KYLE, Deceased.**
**No. 37382.**

Supreme Court of Oklahoma.
April 16, 1957.

W. A. Blakeburn, Ralph Samara, Oklahoma City, for plaintiffs in error.

Cund, Garvin & Baucum, Duncan, by C. D. Cund, Duncan, for defendant in error.

PER CURIAM.

This appeal involves an application for an autopsy on the body of J. Roy Kyle, deceased.

The application, filed on July 11, 1955, alleged that J. Roy Kyle, deceased, died on September 10, 1954; that the applicants are sisters and the next of kin charged by law with the duty of said deceased's burial; and sought an order of the court authorizing an autopsy on his body, for the purpose of ascertaining the cause of his death.

On the same date the surviving wife of the deceased, filed a motion to dismiss the application on the sole ground that the application did not contain allegations sufficient to invoke the jurisdiction of the court to grant the relief prayed for.

On February 24, 1956, after a hearing on said motion, the trial court entered its order sustaining the motion to dismiss the application, from which the sisters, hereinafter referred to as appellants, have appealed.

Appellants herein contend that they are empowered to maintain the action under the authority of Sections 1154 and 1158 of Tit. 21 O.S.1951; that Section 1158 places upon them the duty of burying the deceased, and having this duty, Section 1154 vests them with authority to authorize a dissection of deceased's body 'for the purpose of ascertaining the cause of his death.

Tit. 21 O.S.1951 § 1154, reads as follows:

"The right to dissect the dead body of a human being exists in the following cases:

"1st. In the cases authorized by positive enactment of the Legislature;

"2nd. Whenever the death occurs under circumstances in which an officer is authorized by law to hold an inquest upon the body and authorizes such dissection for the purposes of the inquest.

"3rd. Whenever any husband or next of kin of a deceased person, being charged by law with the duty of burial, authorizes such dissection for the purpose of ascertaining the cause of death."

Section 1158 of the same title is as follows:

"The duty of burying the body of a deceased person devolves upon the persons hereinafter specified:

"1st. If the deceased were a married woman, the duty of burial devolves upon her husband.

"2nd. If the deceased were not a married woman, but left any kindred, the duty of burial devolves upon any person or persons in the same degree nearest of kin to the deceased, being of adult age, and possessed of sufficient means to defray the necessary expenses.

"3rd. If the deceased left no husband, nor kindred, answering to the foregoing description, the duty of burial devolves upon the officer conducting an inquest upon the body of the deceased, if any such inquest is held; if none, then upon the persons charged with the support of the poor in the locality in which the death occurs.

"4th. In case the person upon whom the duty of burial is cast by the foregoing provisions omits to make such burial within a reasonable time, the duty devolves upon the person next specified; and if all omit to act, it devolves upon the tenant, or, if there be no tenant, upon the owner of the premises where the death occurs or the body is found."

 The point in dispute here is whether the sisters of the deceased have the primary duty of burial and thus the right to authorize an autopsy to determine the cause of death, as against the appellee, who claims that right as the surviving wife. As between the wife and other relatives, the great weight of authority is that the care and custody of the body and the right to provide a place of burial rests, in the first instance, with the surviving spouse. The right of the surviving husband or wife, or, if there be none, of the next of kin, to have the custody of the body of the deceased person and decide upon the place of its final burial is supported by the better reasoning and by the almost unanimous voice of the authorities. See Hackett v. Hackett, 18 R.I. 155, 26 A. 42, 19 L.R.A. 558; McEntee v. Bonacum, 66 Neb. 651, 92 N.W. 633, 60 L.R.A. 440; Larson v. Chase, 47 Minn. 307, 50 N.W. 238, 14 L.R.A. 85; Perley, Mortuary Law, 27; Hadsell v. Hadsell, 7 Ohio Cir.Ct.R. 196; Durell v. Hayward, 9 Gray, Mass., 248. Larson v. Chase, supra, is a leading case on the subject and has been followed and approved many times. See note thereto.

The crucial question we are called upon to determine is whether, upon the facts alleged in the application, appellants could maintain the action over the objections of the surviving wife.

Appellants' argument is bottomed upon their conclusion that, if Sections 1154 and 1158, supra, had been intended to include the wife, the word "spouse", instead of "husband", would have been used. They say they are the "next of kin" referred to in the statutes and are, by said statutes, charged with the duty of burial; and that priority to authorize dissection of the body rests with them. Their position is that the language of the Act must be strictly construed, thus depriving a surviving wife from any right or voice in the disposition of the remains of her deceased husband. To hold thus is tantamount to saying it was intended by the Act to make the duty of burial of a deceased person that of a stranger, to the exclusion of a surviving wife; for, it must be noted that subdivisions 3 and 4 of the Act refer to subdivisions 1 and 2, which make no mention of any surviving spouse, except the "husband", and go so far as to provide that the duty of burial devolves upon the tenant, or, if there be no tenant, upon the owner of the premises where the death occurs or the body is found. We are unable to conceive that the Legislature, either by reason or necessity, intended any such result when enacting the Act.

 The obvious purpose of the Act was to make someone responsible for the

burial of the dead, rather than to take away from a surviving wife the natural and moral right attaching to her by reason of the marriage relationship. Courts will not follow the letter of the statute where the literal meaning would result in great inconvenience, or lead to absurd consequences which the Legislature could not have contemplated; and they are bound to presume that such consequences were not intended, and to adopt a construction which will promote the ends of justice and avoid the absurdity. See Rollins v. Heuman, 171 Okl. 435, 43 P.2d 147.

 Various and sundry meanings have attached to the word "kindred" and the words "next of kin." In 51 C.J.S. at page 456, the word "kindred", as there defined, includes "next of kin." With reference to "next of kin" at page 452 of the same Work, we find the following:

"The term is used in the law with two meanings: (1) The nearest blood relations according to the law of consanguinity. (2) Those entitled to take under the statutory distribution of intestate estates. * * *";

and at pages 454 and 455, the author says:

" * * * the phrase 'next of kin' applies to all those entitled to share in an estate, whether or not related by consanguinity, and is not necessarily confined to relatives by blood, but may include a relationship existing by reason of marriage, and may well embrace persons who in the natural sense of the word, and in the contemplation of the Roman law, bear no relation of kinship at all. In general, however, no one comes within this term who is not included in the provisions of the statutes of distribution. In this latter sense the term may include a husband or a wife or widow, as well as blood relatives in cases where there are no children. * * * "

The case we are here called upon to decide is one of first impression in this jurisdiction; however, in 1899, the Supreme Court of the State of California, in the case of O'Donnell v. Slack, 123 Cal. 285, 55 P. 906, 907, 43 L.R.A. 388, with reference to that State's statute, said:

" * * * The duty of the burial of the dead is made an express legal obligation (Pen.Code, § 292); but, aside from the obligation, there is a right, well defined and universally recognized, that in disposing of the body of deceased the last sad offices belong of right to the next of kin, within which phrase, as here employed, is included the surviving husband or wife. * * * "

In that case, the court cited cases heretofore cited, and applied the broad, or secondary, meaning to the questioned terminology. While the decision of that court is not binding in this jurisdiction, it is highly persuasive, and we are constrained to follow the conclusions therein reached.

We are of the opinion that the application does not state facts sufficient to entitle appellants to the relief they sought, and the motion to dismiss was properly sustained.

The order of the district court is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLAKBIRD and JACKSON, JJ., concur.

The court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.