STATE ELECTRO-MEDICAL INSTITUTE V. STATE OF NEBRASKA.

FILED JUNE 8, 1905.  No. 14,090.

1. **Corporations: PRACTICE OF MEDICINE: LICENSES.** While a corporation is a person in a certain sense, and for many purposes is so considered, it is not such a person as can be licensed to practice medicine under chapter 55, Compiled Statutes, 1903.

2. **Physicians.** The qualification of a medical practitioner is personal to himself. The intention and meaning of the law is that one who undertakes to judge the nature of disease, or to determine the proper remedy therefor, or to apply or direct the application of the remedy, must have the personal qualifications prescribed by statute.

3. **Corporations: PHYSICIANS.** Qualified and licensed physicians may form a corporation, and make contracts for the services of its members and other licensed physicians. Making such contracts, and furnishing services of qualified and licensed physicians thereunder, is not a violation of section 7, chapter 55, Compiled Statutes, 1903, forbidding the practice of medicine without a license.

ERROR to the district court for Douglas county: ALEX-
ANDER C. TROUP, JUDGE. *Reversed and dismissed.*

*Edson Rich* and *Nelson C. Pratt,* for plaintiff in error.

*Baldrige & De Bord* and *W. W. Slabaugh, contra.*

SEDGWICK, J.

This was an information in the nature of quo warranto
to prevent the defendant from doing business in this state.
According to the pleadings and stipulation of facts, the
defendant is a foreign corporation, and has an office in the
city of Omaha, and transacts its business there. It is
alleged in the information:

"Said defendant is engaged in the business of prac-
ticing medicine for hire, and it contracts to, and through
its agents does, assume for hire to practice medicine,
prescribe for and treat the physical ailments of human
beings, and does by and through its officers and agents.
and employees practice medicine for hire for its benefit,
and for hire does operate upon and prescribe for and
treat the physical ailments of human beings. The said
defendant does solicit the public to come to the said de-
fendant for treatment for physical diseases, and does
advertise in the several papers published in the city of
Omaha and otherwise that it treats various physical dis-
eases." The answer admits that the plaintiff advertises
to treat diseases for hire, and makes contracts to that
effect, and accepts compensation therefor, and alleges:
"The said defendant at all of the times mentioned in
plaintiff's petition, and for a long time prior thereto, is
now conducting its business by physicians who were duly
licensed to practice medicine; that each and all of the
physicians so employed had filed their certificates with
the county clerk of Douglas county, Nebraska, and that
each and all of said physicians were and are duly au-

thorized to perform each and all acts incumbent upon them under their said licenses; that the said defendant does not assume to nor does it practice medicine, prescribe for or treat persons afflicted with physical ailments, but that said business is conducted solely by duly licensed and practicing physicians in the employ of the defendant." The reply denied this allegation, but it is admitted in the stipulation of facts upon which the case was tried.

Section 715 of the code provides: "If a corporation be found to have violated the law by which it holds its existence, * * * judgment shall be rendered that such defendant be ousted, and altogether excluded from such office, franchise, or privilege."

1. The contention is that this defendant has violated chapter 55 of the Compiled Statutes - (Ann. St. 9416-9492), the title of which is "An act to establish a State Board of Health, to regulate the practice of medicine," etc. The particular provision which it is claimed has been violated is the one in section 7 of that act: "It shall be unlawful for any person to practice medicine, surgery or obstetrics or any of the branches thereof, in this state, without first having applied for and obtained from the state board of health a license so to do." It is conceded that this defendant has not obtained, and could not obtain, a license in compliance with this provision of the law. While a corporation is in some sense a person, and for many purposes is so considered, yet it is not such a person as can be licensed to practice medicine. This position seems to be maintained by both parties. The defendant, therefore, not having a license, has violated this law if it has practiced medicine, surgery or obstetrics or any of the branches thereof within the meaning of the statute. The statute in section 17 of the act attempts to define what is meant by practicing medicine: "Any person shall be regarded as practicing medicine within the meaning of this act who shall operate or profess to heal or prescribe for or otherwise treat any physical or mental

ailment of another." Exception is made of the "administration of ordinary household remedies," and in some other cases. The supreme court of Kansas has said:

"The practice of medicine may be said to consist in three things: First, in judging the nature, character, and symptoms of the disease; second, in determining the proper remedy for the disease; third, in giving or prescribing the application of the remedy to the disease." *Underwood v. Scott,* 43 Kan. 714, 23 Pac. 942.

There was no necessity of legislation to prohibit corporations, as such, from practicing medicine. It is impossible to conceive of an impersonal entity "judging the nature, character, and symptoms of the disease," or "determining the proper remedy," or giving or prescribing the application of the remedy to the disease. Members of the corporation, or persons in its employ, might do these things, but the corporation itself is incapable to do them. The qualification of a medical practitioner is personal to himself. The intention of the law is that one who undertakes to judge the nature of a disease, or to determine the proper remedy therefor, or to apply the remedy, must have certain personal qualifications, and if he does these things without having complied with the law he is subject to its penalties. Making contracts is not practicing medicine. Collecting the compensation therefor is not practicing medicine within the meaning of this statute. No professional qualifications are requisite for doing these things.

2. It is urged that no one who is not himself licensed to practice can be beneficially interested in the practice of medicine, and that it is contrary to public policy, and therefore unlawful, for a person or corporation not competent to practice medicine to be beneficially interested in such practice, and to be allowed to receive compensation for the services of one who is qualified. This question and others that are discussed in the brief in this case are more fully considered in the opinion in the case of *State Electro-Medical Institute v. Platner, ante,* p. 23.

It seems clear that this defendant has not practiced or attempted to practice medicine within the meaning of this statute, and is not guilty of the violation of the law charged against it. The judgment of the district court is therefore reversed and the cause dismissed.

REVERSED.

BARNES, J., dissents.