**SNEED, Secy. of State, v. TIPPETT et al.**

No. 16296—Opinion Filed April 28, 1925.

Rehearing Denied March 23, 1926.

(Syllabus.)

**1. Corporations—Origin and Powers.**

Under chapter 34, Comp. St. 1921, corporations are creatures of the law, deriving their powers and their existence from the law, and having such powers only as are conferred by legislative grant.

**2. Same—Authority of Legislature.**

Under section 38 and section 47, art. 9, of the Constitution, the Legislature is given power to authorize the creation of corpora-tions, to define their powers and determine their period of existence.

**3. Same—Purposes — Statutes — Oil and Gas Pipe Line Companies.**

Section 5301, Comp. St. 1921, specially enumerates the certain purposes for which corporations may be formed. But said section does not expressly authorize the formation of transportation pipe line companies for the purpose of engaging in transportation of oil and gas through pipe lines with the right of eminent domain.

**4. Same — Incorporation — Duty of Secretary of State.**

Our statutes do not make the duty of the Secretary of State to issue a certificate of incorporation for purposes not authorized by law.

**5. Mandamus — Writ Against Officers.**

Section 446, Comp. Stat. 1921, authorizes a writ of mandamus to compel the performance of any act which the law specially enjoins as a duty. A writ of mandamus should not issue to compel the Secretary of State to do any act which the law does not specifically enjoin upon him to perform, or by clear reasonable inference does not make it his duty to perform.

**6. Oil and Gas — Pipe Lines — Validity of Statute.**

Chapter 67, Sess. Laws 1907-8, had two definite outstanding purposes, viz.: 1st, the regulation and control of transportation pipe lines, then organized, or thereafter to be organized; 2nd, to withhold charter powers and deny the right of eminent domain to proposed corporations, unless the incorporators accompany their proposed articles with the stipulation provided for in section 2 of this act.

The enforcement of neither of such purposes is dependent upon the validity or enforceability of the other.

**7. Same—Partial Invalidity of Act—Incorporations.**

The decision of the Supreme Court of the United States in West v. Kansas Nat. Gas Co., 55 L. Ed. 716, struck down the first purpose of said act, because of its restrictions upon interstate commerce, but said decision does not affect the validity or enforceability of the latter purpose of said act, viz., the right of the state to withhold charter powers from, and deny the right of eminent domain to, proposed domestic corporations which refuse to enter into the stipulation required of them by section 2 of said act.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Mandamus by W. H. Tippett and others against R. A. Sneed, Secretary of State. Judgment for plaintiffs, and defendant brings error. Reversed, with directions.

Geo. F. Short, Atty. Gen., and J. Berry King, and Leon S. Hirsh, Asst. Atty. Gen., for plaintiff in error.

Henshaw & Hough, for defendants in error.

HARRISON, J. This is an appeal from an order and judgment of the district court issuing a writ of mandamus, commanding the Secretary of State to accept and file the proposed articles of incorporation of the Industrial Fuel Company and to issue a charter to said corporation.

The material facts are that W. H. Tippett, B. Z. Tippett and Geo. A. Henshaw, having associated themselves together for the purpose of forming a private corporation under the laws of Oklahoma, presented their articles of incorporation to the Secretary of State. Article 2 of same sets out the purposes for which such corporation seeks to be chartered, and among numerous other things which it seeks to do, is the following:

"To build, buy, own, and operate oil and gas lines for the transportation of oil and gas and to transport oil and gas therein for itself and also for others for hire as a common carrier and to acquire by purchase, gift or condemnation under the right of eminent domain, a right of way for said pipe lines and all other real estate as may be necessary or proper for the construction and operation thereof."

This portion of the articles was objectionable to the Secretary of State, hence he declined to accept and file said articles and refused to issue a certificate of incorporation to such company, unless the incorporators enter into the stipulation required by section 7890, Comp. St. 1921, which is as follows:

Sec. 7890. "No corporation organized for the purpose of, or engaged in the transportation or transmission of natural gas within this state shall be granted a charter or right of eminent domain, or right to use the highways of this state, unless it shall be expressly stipulated in such charter that it shall only transport or transmit natural gas through its pipe lines to points within this state; that it shall not connect with, transport to, or deliver natural gas to individuals, associations, copartnerships, companies or corporations engaged in transporting or furnishing natural gas to points, places or persons outside of this state."

The incorporators refused to enter into such stipulation and the Secretary of State refused to issue the certificate of incorporation, whereupon the incorporators procured a writ of mandamus from the district court, and the Secretary of State appeals to this court.

The one question presented is whether the writ should have issued.

The Attorney General, on behalf of the Secretary of State, contends that under said section 7890, Comp. St. 1921, the Secretary of State was without authority to issue the certificate of incorporation until the incorporators entered into the stipulation required by said section, and that, the incorporators having refused to enter into such stipulation, the certificate of incorporation was rightfully refused by the Secretary of State and the writ of mandamus wrongfully issued by the district judge.

On the other hand, it is contended by the incorporators, defendants in error, that said section 7890, which is section 2 of chap. 67, Sess. Laws 1907-8, was held invalid by the Supreme Court of the United States in West v. Kansas Nat. Gas Co., 55 L. Ed. 716. That, the effect of the decision in said case being to render the whole of said chapter 67 invalid, incorporators are thereby relieved of the obligation of entering into the stipulation required by section 2 of said chapter, and are entitled to have their articles of incorporation accepted and filed, and certificate of incorporation issue, under the general laws of the state, without such stipulation.

It is contended by the Attorney General, however, that the decision in West v. Kansas Nat. Gas Co. does not have the effect of declaring the entire act invalid; that the only effect of said decision is to hold invalid only those provisions of the act which tend to restrict interstate commerce, engaged in by foreign corporations before the passage of said act and before the adoption of the state Constitution, and that the provisions of said act relating to domestic corporations, and the powers of the state to grant or refuse the right of eminent domain to domestic corporations, are not affected by said decision and are still in force.

It is further contended by the Attorney General that said act is the only authority under the statutes for organizing a "pipe line transportation company," and that if the entire act, in all its provisions, were rendered invalid by the decision in West v. Kansas Nat. Gas Co., then defendants in error have no right to incorporate under any statute; that no other provisions of statutes authorizes the incorporation of "transportation pipe lines," with the right of eminent domain, and that, if the provisions of said chapter 67, relating to domestic corporations, be still in force, the certificate of incorporation was rightly refused, unless the stipulation therein required was entered

into, and if said act be held invalid in all its provisions, then defendants in error have no right to incorporate under any other statute and the certificate was rightfully refused for the latter reason. Defendants in error claimed in their oral argument, but do not so contend in their brief, that they have a right to incorporate under the general statute on corporations, viz., section 5301, Comp. St. 1921, which reads as follows:

Sec. 5301. "Private corporations may be formed by a voluntary association of three or more persons upon complying with the provisions of this chapter, for the following purposes, namely: Mining, manufacturing, and other industrial pursuits; the construction of railroads, wagon roads, bridges, and street railways, electric light, power and gas plants, water works, irrigating ditches, colleges, seminaries. churches, libraries, benevolent, charitable, literary, educational, scientific and historical associations; building and investment companies, loan, trust, and guarantee associations; merchandising, wholesale or retail. or both; for the purpose of locating. laying out, improving town sites, and buying and selling real estate therefor, including the sale and conveyance of the same in lots, subdivisions or otherwise; also for the purpose of constructing telegraph and telephone lines and systems; also for the purpose of conducting, carrying on, maintaining and operating automobile races; also, for the purpose of conducting, carrying on, maintaining and operating base ball games and other public sports not prohibited by law, and for the organization and maintenance of commercial clubs and business exchanges, and all such corporations shall have the right to purchase, hold and improve and convey real estate for the purpose of their incorporation and to transact any and all business connected therewith; also for the purpose of constructing sewers and other municipal improvements with the additional power of selling their property to municipal corporations where such improvements are located. All corporations organized for any of the purposes authorized by this section shall have the power to own and hold the stock of other corporations, except as prohibited by the Constitution of this state."

Defendants in error base their right to incorporate solely upon the foregoing section. The Attorney General contends that said section does not authorize the incorporation of "transportation pipe line companies."

In view of this status of the controversy it would be unnecessary, in deciding whether the writ should have issued, to pass upon the validity of any of the provisions of said chapter 67, Sess. Laws 1907-8, and unnecessary to determine what effect the decision in West v. Kansas Nat. Gas Co., supra, had upon the provisions of said act, which pertain only to domestic corporations, and but for the purpose of determining whether under any statute in force the proposed incorporators have authority to incorporate, we would not pass upon the validity of said act, for, if said act be invalid in its entirety. then defendants in error must rely solely upon section 5301, supra, and if the provisions of said chapter '67 be valid, in so far as they pertain to domestic corporations, then defendants in error are not entitled to incorporate, and therefore not entitled to the writ until they have entered into the stipulation required by section 2 of said act. So, with said act eliminated, the incorporators must rely solely upon said section 5301, supra, and it will be observed that said section 5301 specifically enumerates certain purposes for which corporations may be formed, and also observed that no express authority is given for incorporating "transportation pipe line companies." The only words in said section upon which defendants in error may base any claim of right to incorporate are the words occurring in the fifth line, to wit, "and other industrial pursuits."

To determine what rights are granted and powers authorized by the words, "and other industrial pursuits," the scope and purview of the entire context of the chapter on Corporations should be considered.

Section 5290, Comp. St. 1921, is as follows:

"A corporation is a creature of the law, having certain powers and duties of a natural person. Being created by the law, it may continue for any length of time which the law prescribes."

Section 5291, Id, is as follows:

"A corporation can only be created by general law."

Section 5292, Id., is as follows:

"Every grant of corporate power is subject to alteration, suspension or repeal, in the discretion of the Legislature."

Section 5299, Id, is as follows:

"In order to constitute a private corporation, there must not only be a statutory grant of corporate authority, but an acceptance of that grant by a majority of the corporators, or their agents. The acceptance cannot be conditional or qualified."

In view of the foregoing statutes, it would serve no purpose to examine or to refer to what the text-writers and numerous decisions have said about corporations being "creatures of the law" and "having such powers as are given by law," for the statutes themselves are sufficient on these questions. Section 5290. supra, specifically defines a corporation as "a creature of the

law"; and section 5291, supra, says: "A corporation can only be created by general law."

Section 5292 specifically declares that:

"Every grant of corporate power is subject to alteration, suspension or repeal in the discretion of the Legislature."

These sections carry with them not only that every grant o. power may be altered, suspended, or repealed by the Legislature, but also that every power possessed by a corporation must be obtained through legislative grant.

The foregoing provisions of statute are pursuant to express grant of power to the Legislature by the Constitution of the state.

Section 38, art. 9, of the Constitution provides:

"No private corporation shall be created nor foreign corporation licensed to conduct business in the state except by general law."

Section 47, Id., provides:

"The Legislature shall have power to alter, amend, annul, revoke, or repeal any charter of incorporation or franchise now existing and subject to be altered, amended, annulled, revoked, or repealed at the time of the adoption of this Constitution, or any that may be hereafter created whenever in its opinion it may be injurious to the citizens of this state, in such manner, however, that no injustice shall be done to the incorporators."

Under the foregoing constitutional and statutory provisions, a corporation derives, not only its powers, but its very existence from the general law, and no express provision is made, by general law, section 5301, supra, for the incorporation of "transportation pipe line companies," nor for a company, under any other name, seeking to do a "transportation business" through pipe lines. The only words in the foregoing section of the general law which carry any semblance of authority for the incorporation of "transportation pipe lines" are the words, "other industrial pursuits." In the absence of express authority to incorporate, the Secretary of State has declined to accept and file the articles here tendered, and refused to issue a certificate of incorporation.

The question, then, is whether, in the absence of express authority, the court can interpolate something which the statutes do not contain and, upon such interpolation, issue its writ of mandamus compelling an officer of the law to do something which the law does not expressly make it his duty to do.

This brings us directly to the question whether the writ of mandamus should issue.

Section 446, Comp. St. 19921, provides: That it may issue to compel the performance of any act which the law specially enjoins as a duty.

The courts have held that in no case will it issue unless the petitioner therefor shows himself entitled to a clear legal right to the writ. Huddleston v. Board of Com'rs. 8 Okla. 614, 58 Pac. 749; Shawnee v. Tecumseh, 52 Okla. 509, 150 Pac. 890; Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585; Close Bros. v. Oklahoma City, 77 Okla. 104, 186 Pac. 931; Strother v. Bolen, 72 Okla. 310, 181 Pac. 299.

The petitioners herein, defendants in error, have not cited any statute which makes it the special duty of the Secretary of State to issue a "certificate of incorporation" to any company granting to it the right of eminent domain and authority to transport oil and gas through pipe lines, nor have they pointed to any clear legal right to incorporate for any such purpose. The only authority shown for the writ is the mere phrase, "and other industrial pursuits." These words cannot be construed to mean "a clear legal right" to incorporate, for the purpose of engaging in the general transportation of oil and gas, as a common carrier, with the right of eminent domain, without interpolating into the statutes something which the Legislature has left out, nor can they be construed to constitute "a clear legal right" to a writ of mandamus, compelling the Secretary of State to issue a "certificate of incorporation," for such purposes, without imparting to them a meaning which ordinarily they do not have.

The writ of mandamus, under our statutes, is not authorized upon chimerical or conjectural grounds. It will be directed to an officer of the law only in cases where such officer refuses to perform some duty specifically enjoined upon him to perform, or where by clear, reasonable inference the law makes it his duty to perform. See section 446, Comp. St. 1921.

No clear right to the writ has been shown in this case. The judgment of the trial court is, therefore, reversed, with directions to set aside the writ herein issued. However, while the incorporators herein are not entitled to the writ under the circumstances presented in this case, yet if they choose to comply with the provisions of section 7890, Comp. St. 1921, supra, and enter into the stipulation therein required, they would have a clear right to incorporate, and in such case the Secretary of State would, no doubt, issue his certificate of incorporation without being forced to do so by mandamus.

The Act of 1907-8, viz., chapter 67 of said Session Laws, had a two-fold purpose, two definite independent purposes, viz.: (1) The regulation and control of transportation pipe lines, then organized or thereafter to be organized; (2) to withhold charter powers and deny the right of eminent domain to proposed corporations, unless the incorporators accompany their proposed articles with the stipulation, provided for in section 2 of said act. The enforcement of one of such purposes is not dependent upon the validity or enforcement of the other. The purposes of the act are clearly separable, and though the first purpose may have been stricken, the latter purpose may be carried out under the remaining provisions of the act, yet independent of the enforceability of the first purpose.

The decision of the Supreme Court of the United States in West v. Kansas Nat. Gas. Co., supra, struck down the first purpose of said act, because of its restrictions upon interstate commerce, but said decision does not affect the validity or enforceability of the latter purpose of said act, viz., the right of the state to withhold charter powers from, and deny the right of eminent domain to, proposed domestic corporations which refuse to enter the stipulation required of them by section 2 of said act.

Therefore, if the incorporators choose to do so, they may still procure a certificate of incorporation by stipulating to comply with the provisions of said act.

Reversed, with directions.

BRANSON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 14a C. J. p. 246, § 2075. (2) 14 C. J. p. 94, § 56; p. 179, § 182. (3) 14 C. J. p. 122, § 118; p. 137, § 134. (4) 14 C. J. p. 139, § 136. (5) 26 Cyc. p. 233. (6) 14 C. J. p. 139, § 136. (7) 36 Cyc. p. 983