## PHILLIPS v. OKLAHOMA TAX COMMISSION et al.

No. 24827.   Oct. 29, 1935.

Maxwell M. Mahany, for plaintiff.

C. W. King and A. L. Herr, for defendants.

BAYLESS, J. This is a direct proceeding in this court upon the petition of John G. Phillips, hereafter called petitioner, seeking a writ of prohibition against Oklahoma Tax

Commission, and its members in their official capacities, hereafter called respondents.

The petitioner alleges that in the years of 1925, 1926, 1927, 1929, and 1930, he filed his income tax returns for the respective years with the State Auditor, that the State Auditor acted thereupon, and the petitioner paid the tax due and in all respects complied with the laws of the state of Oklahoma upon the subject (ch. 164, S. L. 1915, as amended by ch. 44, S. L. 1921) ; and further alleges that the respondents are now threatening to reopen the returns for said years, to assess additional taxes thereon, and to collect the same, all in violation of the constitutional and statutory rights of the petitioner.

The respondents deny all of these allegations, except they admit they are proceeding to reopen the returns for those years for the purpose of requiring petitioner to furnish additional information in the nature of returns upon items of income omitted from the returns made in said years. Both parties rely upon the case of Champlin v. Oklahoma Tax Commission, 163 Okla. 185, 20 P. (2d) 904, as authority for their respective contentions.

From the record and briefs before us, it seems not to be controverted that petitioner did not include in his income tax returns for said years income arising from a source which he deemed not to be taxable under said laws.

The petitioner makes five contentions in his brief. The first is directed to the question of the correctness of the relief which he seeks, as a matter of procedure. We may say here that we agree with him that it is proper to seek a writ of prohibition under such circumstances, provided he can sustain the propositions of law included in his other contentions. The other contentions read:

"2. The State Auditor and the Oklahoma Tax Commission, at all time subsequent to the first Monday of June following the calendar year for which returns were filed, have been without statutory authority to assess additional taxes, or to collect them unless assessed prior to said first Monday of June.

"3. The procedure provided for under the 1921 Act. secs. 9934-9945, C. O. S. 1921, and the tax levied hereunder, was invalid in that, as violative of the 14th Amendment to the federal Constitution, it deprived persons of their property without due process of law.

"4. The Oklahoma Tax Commission is without statutory authority to assess or collect income taxes for the years 1925, 1926, 1927, 1929, and 1930.

"5. The plaintiff was not taxable under the 1921 Act upon dividends received from stocks acquired and owned for more than one year previous to the year in which received."

We will direct our attention to contention 5 first. This point can be settled by construing the language of subdivision (d), sec. 9938, C. O. S. 1921, reading as follows:

"All dividends or profits derived from stocks or from the purchase and sale of any property, or other valuables acquired within one year previous, or from any business whatsoever."

The petitioner contends that said subdivision of the section means that any dividends or profits derived from stocks acquired within one year previous are taxable as income, but that dividends or profits derived from stocks acquired previous to one year are not taxable as income. He contends in his brief that, in reliance upon the correctness of his construction of this subdivision of the section, he withheld information from the State Auditor regarding income in the nature of dividends and profits from stocks acquired previous to the respective years.

In our opinion this is not a correct construction of this portion of section 9938, supra. In our opinion, the language of the subdivision is not used grammatically so as to be entirely clear upon first reading. We are cited authorities to the effect: That an ambiguous statute should be construed strictly against the taxing authority; and should be construed liberally in favor of the taxpayer; that a literal interpretation must be taken; and that nothing can be included by implication. This subdivision may be uncertain because of its grammatical form, but it is not ambiguous nor is it necessary to read any substance into it by implication which is not already there. In our opinion, the Legislature meant to designate four classes of income in this subdivision, to wit: dividends or profits (1) from stocks; (2) from the purchase or sale of property; (3) from other valuables acquired within one year previous; and (4) from any other business. In other words, the condition "acquired within one year previous" applied only to the rather indefinite classification "or other valuables."

Contention 2. Petitioner did not report this income, and claim a deduction therefor, which is always the proper method, but chose rather to withhold information thereof from the State Auditor. Therefore, he cannot come within the protection of the Champlin v. Oklahoma Tax Com. Case, supra, for by it the respondent is only prohibited from

reopening and re-examining income which had been reported and acted upon. This same contention was made in the case of R. K. Wootten v. Oklahoma Tax Com., 170 Okla. 584, 40 P. (2d) 672, where Wootten, acting upon his own judgment of the matter, decided that income in the nature of rents from real estate located without Oklahoma was not taxable in Oklahoma and wholly omitted mention thereof in his income tax returns. We held that such items of income were omitted within the meaning of the Champlin Case, supra; that the State Auditor prior to art. 1, ch. 66, S. L. 1931, and the Oklahoma Tax Commission, subsequent thereto, as the legal successor of the State Auditor in the performance of the duties relating to the assessment and collection of income taxes under said Act of 1931, supra, could proceed one time to determine whether a tax was due and to collect the same, whenever such income came to their attention.

Contention 4, as to the Tax Commission's authority, was decided adversely to the petitioner in the case of R. K. Wooten v. Oklahoma Tax Com., supra. We find nothing in the brief of the petitioner which would lead us to depart from the rule announced in that case.

In conclusion we come to contention 3. The petitioner asserts he is denied due process of law under the provisions of the income tax law applicable, and particularly under the procedure therein provided for the assessment and collection of the tax where the tax is contested, because: (1) When the tax is contested and unpaid it becomes delinquent without reference to the correctness of his position; (2) when it becomes delinquent, it becomes a lien upon all of his property without regard to the relation of this property to the source of the income; and (3) because to discharge all of his property from this lien and the consequent cloud on his title to the property, he must pay the tax under protest and sue to recover it. In support of this point he cites and relies upon the case of Shaffer v. Carter, 252 U. S. 37, 64 L. Ed. 445.

The petition does not plead petitioner within the purview of the Shaffer v. Carter Case, supra, and we deem it unnecessary to pass upon this contention under the record herein presented.

Petitioner is seeking a writ of prohibition, an extraordinary legal remedy. We are holding that the respondents have the power to proceed with the hearing.

The writ is denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent. BUSBY, J., not participating.