## STOCKTON v. OKLAHOMA TAX COMMISSION.

No. 34140. June 5, 1951.

Rehearing Denied July 3, 1951.

*235 P. 2d 286.*

Wendell G. Stockton, Oklahoma City, pro se.

R. F. Barry, W. F. Speakman, and E. J. Armstrong, Oklahoma City, for defendant in error.

CORN, J. December 31, 1948, protestant purchased 180 cartons of cigarettes at a sheriff's sale, bidding the sum of $199.80. The sale was conducted under the provisions of 68 O. S. Supp. 1947 §586 (d). On January 21, 1949, the Oklahoma Tax Commission advised protestant that, by reason of his failure to purchase and affix the required cigarette tax stamps, the Commission proposed to assess $90 cigarette tax, plus $90 penalty, against him; and further advised protestant that unless written notice of protest and demand for hearing thereon was filed within 30 days, the Commission would proceed to assess the tax and penalty and collect same.

February 22, 1949, protestant filed action in mandamus against the court clerk of Oklahoma county, also naming the members of the Tax Commission as defendants, to require the clerk to allocate the money received from sale of the cigarettes, less costs of the sale, to the Tax Commission as cigarette taxes collected. A copy of protestant's petition was sent to the Commission as his "protest" against the proposed assessment.

February 28, 1949, the Commission entered its order finding that protestant had failed to pay the cigarette tax or affix the tax stamps as required by law before consuming the cigarettes, and had failed to make protest or demand a hearing upon the proposed assessment of taxes, and assessed $180 tax and penalty against protestant.

Thereafter (March 8, 1949), the Commission granted protestant's application to set aside the order of assessment and treat his letter and petition in mandamus as a protest to the proposed assessment. Protestant filed an amended protest which, in substance, recited the matters above related; that the Commission had made no effort to enforce the penalty against the importer of these cigarettes; that protestant purchased, in good faith, and that the proposed assessment should be denied and the funds ($191.81) derived from the sheriff's sale should be distributed to the Tax Commission as cigarette tax collected, applying $90 thereof to payment of the cigarette tax and the balance thereof as penalty for the illegal importation of cigarettes into the state.

April 13, 1949, the Commission entered an order reciting the facts of the proposed assessment, finding that the assessment should be sustained, and ordered assessment of cigarette tax against protestant in the sum of $90, from which order and assessment protestant has appealed.

In seeking to reverse the order so entered protestant contends the Tax Commission has no power to assess or collect additional cigarette tax from a purchaser in good faith at a sheriff's sale where the Commission received benefits (from such sale) exceeding the amount of tax due. The argument supporting this contention is based principally upon a portion of section 586 (d) of the Cigarette Stamp Act, which provides:

" . . . The proceeds of said sale shall be deposited with the clerk of the court who shall, after deducting costs, in-

cluding the costs of sale, pay to the Oklahoma Tax Commission as cigarette tax collected."

It is protestant's position that the Commission made no effort to collect the tax from the importer of the cigarettes, but order them sold without the tax having been paid and without affixing the required stamps. And, that the Commission not only realized the full amount of the tax ($90) from the sale, but also received the additional sum of $101.81 as penalty for the illegal importation. Thus it is urged the Commission knew of and permitted a sale without the tax stamps to a good faith purchaser, and without any notice additional tax would be required upon such a sale from which the commission received all the benefits, including the additional amount. Thus protestant concludes that, under the provision of the statute (set forth above), the remittance of the proceeds of the sale to the Tax Commission constituted payment of the tax to the Commission under the statute.

The pertinent portions of section 586 (d) are as follows:

"(d) All unstamped cigarettes upon which taxes are imposed by this Act which shall be found in the possession, custody, or control of any person, for the purpose of being consumed, sold or transported from one place to another in this State, for the purpose of evading or violating the provisions of this Act, or with intent to avoid payment of the tax imposed hereunder; and any automobile, truck, conveyance, or other vehicle whatsoever used in the transportation of such cigarettes and all paraphernalia, equipment or other tangible personal property incident to the use of such purposes, found in the place, building, vehicle or vehicles, where such cigarettes are found; may be seized by any authorized agent of the Oklahoma Tax Commission, or any Sheriff, Deputy Sheriff, Constable, or other peace officer within the State, without process and the same shall be, from the time of such seizure, forfeited to the State of Oklahoma, and a proper proceeding filed in a court of competent jurisdiction in the county of seizure, to maintain such seizure and prosecute said forfeiture as herein provided.

" . . . The proceeds of said sale shall be deposited with the clerk of the court who shall, after deducting costs, including the costs of sale, pay to the Oklahoma Tax Commission as cigarette tax collected.

"Provided further that the seizure and sale of said cigarettes shall not relieve the person from whom such cigarettes were seized from any prosecution or the payment of any penalties provided for under this Act, nor shall it relieve the purchaser thereof from any payment of the regular cigarette tax and the placing of proper stamps thereon before making any sale of said cigarettes or the personal consumption of the same."

In determining the meaning and intent of the foregoing statute, two rules of statutory construction must be kept in mind. It is a cardinal rule of statutory construction to ascertain the intent of the Legislature, which ordinarily should be done by consideration of the language of the entire act. City of Bristow ex rel. v. Groom, 194 Okla. 384, 151 P. 2d 936. And, a statute should be given a reasonable, sensible construction in preference to one which renders the statute, or a portion thereof, useless or deleterious. Rollins v. Heuman, 171 Okla. 435, 43 P. 2d 147; Phillips v. Oklahoma Tax Commission, 174 Okla. 401, 49 P. 2d 805.

It is to be noted that section 586d (c) particularly declares the consumption of cigarettes upon which the tax has not been paid and stamps affixed thereto to be unlawful. Thereafter, the fourth grammatical paragraph of subdivision (d) specifically provides that seizure and sale of nontax-paid cigarettes does not relieve the person from whom seized of the penalties provided, " . . . nor . . . relieve the purchaser thereof from . . . payment of the regular cigarette tax and the placing of proper stamps thereon before . . . personal consumption of the same."

The Legislature did not simply provide a method for enforcing collection of an amount of money as cigarette tax collected, but went further and afforded a remedy against "consumption" of cigarettes upon which no tax had been paid. It would be difficult to envision a more comprehensive statute, or one more clearly expressive of the intent of the Legislature to remedy a recognized, existing evil.

To accept the construction herein sought by protestant would require that the two subdivisions above mentioned be entirely ignored when considering the true meaning of the act.

We are of the opinion that a reasonable and proper interpretation of section 586d (d), and particularly that portion directing the payment of proceeds of a sale (of confiscated property) to be paid to the Tax Commission as cigarette tax collected, to be that the Legislature mereby intended to direct the disposition of any funds derived from the seizure and sale of property connected with the evasion of the Cigarette Tax Act; and it was not the legislative intent that the paying over to the Tax Commission, as an agency of the state government, of any money derived from such forfeiture, should operate to dispense with the necessity for purchasing and affixing cigarette tax stamps upon nontax-paid cigarettes in the possession of any individual, whether intended for resale or personal consumption.

Order sustained.

ARNOLD, C. J., LUTTRELL, V.C.J., and GIBSON, DAVISON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.