**William N. CHRISTIAN, Secretary of State of the State of Oklahoma, Plaintiff in Error,**

v.

**Alfred M. SHIDELER and Charles E. Baker, Defendants in Error.**

**No. 40093.**

Supreme Court of Oklahoma.

May 28, 1963.

**130**

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for plaintiff in error.

Wright & Sawyer, by Will T. Wright, Enid, for defendants in error.

WILLIAMS, Justice.

This is an appeal by the Secretary of State of the State of Oklahoma from a judgment of the trial court ordering and directing such official to accept for filing, certain Articles of Incorporation tendered to him by defendants in error and to issue a certificate of incorporation. The parties will be designated respectively, as plaintiffs and defendant according to their standing in the trial court.

The plaintiffs are medical doctors licensed in the State of Oklahoma. In February, 1962, they mailed to the defendant certain Articles of Incorporation for the purpose of forming a corporation under the Professional Corporation Act, 18 O.S.1961, §§ 801–819. Upon receipt of such, the defendant wrote plaintiffs that he declined to file said articles for the reason that such provided for only two directors and that the law requires that the Board of Directors consist of at least three members. The plaintiffs thereupon appealed to the district court.

The pertinent sections of the Professional Corporation Act here involved are as follows:

"§ 802. Statutory policy.—This act shall be so construed as to effectuate its general purpose of making available to professional persons the benefits of the corporate form for the business aspects of their practices while preserving the established professional aspects of the personal relationship between the professional person and those he serves.

"§ 804. Articles of Incorporation.—One or more individuals each of whom is licensed to render professional service may incorporate a professional corporation by filing Arti-

cles of Incorporation with the Secretary of State. Such Articles of Incorporation shall meet the requirements of the Business Corporation Act, and in addition thereto contain the following:

"(a) the profession to be practiced through the professional corporation;

"(b) the names and residence addresses of all of the original shareholders, directors, and officers of the professional corporation;

"(c) A certificate by the regulating board of the profession involved that each of the incorporators, directors, and shareholders are duly licensed to practice such profession.

"§ 805. Applicability of Business Corporation Act.—The Business Corporation Act shall be applicable to professional corporations, and they shall enjoy the powers and privileges and be subject to the duties, restrictions, and liabilities of other corporations, except where inconsistent with the letter and purpose of this act. This act shall take precedence in the event of any conflict with provisions of the Business Corporation Act or other laws.

"§ 810. Officers, directors, and shareholders.—No person may be an officer, director or shareholder of a professional corporation who is not an individual duly licensed to render the same specific professional services as those for which the corporation was organized. No person may be simultaneously an officer, director, or shareholder of more than one professional corporation.

"§ 819. Inapplicability of conflicting laws.—All laws and parts of laws in conflict with any of the provisions of this act shall be inapplicable to professional corporations organized under this act; provided, however, that nothing in this 'act shall be construed to supersede the provisions of 59 O.S. 1951, §§ 581 through 592, both inclusive, §§ 601 through 606, both inclusive, or §§ 941 through 947, both inclusive,

as amended. In the event of the conflict of any of the provisions of this act with any of the above cited sections, then cited sections shall take precedence over this act and this act shall be construed accordingly."

The sections of the Business Corporation Act, Title 18 O.S.1961, which have a bearing on this controversy are as follows:

"§ 1.10 Incorporators.—

"Three (3) or more persons legally competent to enter into contracts may form any corporation which may be incorporated under this Act by complying with the requirements hereof.

"§ 1.34 Directors: powers, duties, qualifications.—

"c. A director to be qualified to take office shall be legally competent to enter into contracts. He shall be required to be a subscriber or shareholder of the corporation, or a resident of this State or of the United States, only when the articles of incorporation or by-laws so provide. If the articles of incorporation or by-laws so provide, a director may be required to own shares of the corporation absolutely in his own right to an amount specified in such articles or by-laws and not to be in arrears in respect of any calls thereon. Other qualifications of directors may, subject to the provisions of this Act, be prescribed by the articles of incorporation and by-laws.

"§ 1.35 Directors: election, number, term, salary.—

"a. Except as provided in Sections 37 and 38 of this Act for filling vacancies, the board of directors of every domestic corporation shall be elected by the shareholders in the manner provided by this Act. 'Such Board shall consist of at least three (3) members, the number, qualifications, manner of election, and term of office of the directors may, subject to the provisions of this Act, be prescribed by the articles of incorporation or by-laws.

**132**

"§ 1.208 Articles of incorporation: execution and contents.—

"a. The articles of incorporation of any corporation to be formed under this Act shall be executed in triplicate and signed by each of the incorporators and acknowledged by at least three (3) of them, and shall set forth in the English language: * * *".

■ The principal question to be resolved is whether a proposed professional corporation having only two directors may be organized under the laws of this State.

Bouv. Law Dict., Rawles Third Revision, p. 682, contains the following definition of the word "corporation":

"A body, consisting of one or more natural persons established by law, usually for some specific purpose. * *"

In 18 C.J.S. Corporations § 36, p. 415, is the following language:

"In the absence of constitutional restriction the legislature may undoubtedly create either by special act or under general laws corporations consisting of a single member only, or authorize a single individual to become incorporated and leave it optional with him whether he will have associates. * * *"

In the case of Sneed v. Tippett, 114 Okl. 173, 245 P. 40, the Court in the first and second paragraphs of the syllabus said:

"Under chapter 34, Comp.St.1921, corporations are creatures of the law, deriving their powers and their existence from the law, and having such powers only as are conferred by legislative grant.

"Under sections 38, 47, art. 9 of the Constitution, the Legislature is given power to authorize the creation of corporations, to define their powers, and determine their period of existence."

We determine that the Legislature has the authority to permit the organization of a corporation with only two members on the board of directors.

■ This Court in the case of Chicago, R. I. & P. Railroad Co. v. Gist, 79 Okl. 8, 190 P. 878, 879, in paragraphs ten, eleven and twelve of the syllabus held:

"Courts, in construing a statute, may with propriety recur to the history of the times when it was passed; and this is frequently necessary in order to ascertain the reason as well as the meaning of particular provisions in it.

"The history of the times during which a law was enacted tends strongly to disclose the reasons for the act, and therefore the evils sought to be remedied.

"Whenever light can be derived from such sources, the courts will take judicial notice of the facts of contemporaneous history, the prior state of the law, the particular abuse or defect which the act was meant to remedy, and will then apply the language of the act to such state of affairs."

See also Silmon v. Rahhal, 178 Okl. 244, 62 P.2d 501, and Atlantic Refining Co. v. Oklahoma Tax Commission, Okl., 360 P.2d 826, wherein the above case was cited with approval.

In the smaller communities of our State professional persons are usually sole practitioners. Seldom do more than two associate together. To require three directors per professional corporation would necessitate that other persons, not presently associated with the organizers of a corporation, become associated with them. This would prevent such persons from forming their own corporation. In some communities there would not be enough practitioners in the same profession to form a corporation.

In rendering his decision from which this appeal was brought, the trial court stated:

"I think the Legislature intended to carry out the trend that is sweeping this country, of permitting professional groups to incorporate and take advantage of the tax allowances, and take advantage of the pensions systems and

retirement benefits that other men working in business corporations have. I think you have got to get to the intention of the Legislature in this Act. It specifically provides 'except where it is inconsistent with the letter and purposes of this Act.' Now taking the entire Act, I think it was the intention of the Legislature, as I said a minute ago, to permit one or more professional men to incorporate."

In 33 Okl.Bar Journal 357, in an article entitled "Professional Corporations" is the following language:

"The goal and effect of this legislation is to make it possible for members of these professions to become stockholder employees of their own corporations in order to achieve tax equality with employees of business corporations whose employees enjoy the benefits of pension and/or profit sharing plans and other benefits described as fringe benefits * * *"

We consider the foregoing language of the trial court and that of the author of the article in the Bar Journal to be indicative of the reason for the passage of the Act.

Plaintiff's proposition No. 3(b) is that:

"The intent of the Legislature was to permit one or more persons to operate a professional corporation."

■ In the case of Stockton v. Oklahoma Tax Commission, 205 Okl. 6, 235 P.2d 286, 288, the Court said:

"In determining the meaning and intent of the foregoing statute two rules of statutory construction must be kept in mind. It is a cardinal rule of statutory construction to ascertain the intent of the legislature, which ordinarily should be done by consideration of the language of the entire act. City of Bristow, etc. v. Groom, 194 Okl. 384, 151 P.2d 936. And, a statute should be given a reasonable, sensible construction in preference to one which renders the statute, or a portion thereof, useless or deleterious. Rollins v. Heuman,

171 Okl. 435, 43 P.2d 147; Phillips v. Oklahoma Tax Commission, 174 Okl. 401, 49 P.2d 805."

In the article "Professional Corporations", supra, the author states:

"One or more individuals, each of whom is a licensed member of the particular profession, may file articles, the requirements of which are spelled out. Notwithstanding the language authorizing ONE or more incorporators to file articles, I understand that the Attorney General has ruled that three incorporators are required as provided by the Business Corporation Act. However, the legislature by use of this language may have wished to give recognition to the one man corporation concept in the case of professional corporations."

The "statutory policy" as set forth in section 802 is that "This act shall be so construed as to effectuate its general purpose of making available to professional persons the benefits of the corporate form * * *." Nowhere in the Act does the legislature state that the corporate form shall be available only to "three or more persons."

In the Business Corporation Act there is no limit as to the number of corporations of which a person may be a director. However, under the Professional Corporation Act one may be a director of only one such corporation.

The requirements in the Professional Corporation Act that directors be duly licensed to render the same specific professional service as those for which the corporation was organized and that no person may be simultaneously a director of more than one such corporation if construed with and giving effect to requirement of the Business Corporation Act that a corporation have at least three (3) directors, would have the effect of denying to professional individuals and groups of less than three members the benefits of forming themselves into such a corporation. The language used by the Legislature in its "statutory policy"

indicates that such was not its intent. We know of no reason why a professional partnership in one of our larger communities and consisting of several members should be permitted to incorporate and such partnerships composed of only two members having their practice either in a larger or smaller community must be denied the same right.

Section 804 of the Act provides that one or more individuals may incorporate, whereas Section 1.10 of the Business Corporation Act provides that three or more persons may form a corporation under such Act. It appears to be reasonable that if it had been the intention of the Legislature to require three or more directors under the Professional Corporation Act, as is required by the Business Corporation Act, it would, no doubt, have stated in the Act that three or more individuals could incorporate.

To require that the board of directors have three members would conflict with the intent of the legislature that all persons whose professions are set forth in section 803 of the Professional Corporation Act be permitted to organize themselves into corporations.

. The difference hereinabove discussed between the Professional Corporation Act and the Business Corporation Act as to the number of individuals required to form a corporation, in the qualifications of directors and the number of directorships an individual may hold, in the opinion of this Court, evince an intention of the Legislature that the requirement made by the Business Corporation Act that a corporation have three directors was not meant to apply to a corporation organized under the Professional Corporation Act. We consider that the provisions of the two Acts here under consideration are not in conflict. They merely provide that different numbers of directors are required to constitute the minimum membership of the respective boards of directors of business as distinguished from professional corporations.

In the case of Forston v. Heisler et al., Okl., 341 P.2d 252, we held in the second paragraph of the syllabus, as follows:

"In construing statutes, harmony, not confusion is to be sought and when two acts or parts thereof are reasonably susceptible of a construction that will give effect to both and the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion ·that there is a conflict."

Some twelve states, in addition to Oklahoma, have passed acts to allow either incorporation by professional practitioners or the formation of special types of associations intended to have a number of corporate characteristics. Nebraska permits physicians to incorporate under a decision of its Supreme Court. See the case of State Electro-Medical Institute v. State, 74 Neb. 40, 103 N.W. 1078.

The act of one of those states, Ohio, states that "an individual or group of individuals" may incorporate and the Oklahoma Act states, "One or more individuals" may incorporate. The Ohio Act is similar to the Oklahoma Act except that in the former there is apparently no requirement that the officers and directors of the corporation be shareholders or licensed members of the profession involved.

In an article entitled "Professional Corporations", in the autumn, 1961 issue of the "Ohio State Law Journal", the author states:

"Ohio Revised Code section 1785.02, stating that an individual or a group of individuals may organize and become a shareholder, or shareholders, of a profession corporation, makes it clear that the sole practitioner may incorporate himself."

The reasonable interpretation of the sections of the Professional Corporation Act before us is that a corporation with only two directors may be organized thereunder.

Affirmed.