TAX LIEN RECORD — JUDGMENT DOCKET In O.S.L. 1970, ch. 299, 3, the legislature has made it the duty of the county clerk to make the tax lien record a supplement to the current district court judgment docket. The county clerk should file with the court clerk a copy of the tax lien record which he (the county clerk) receives from the county treasurer and said copy thereby becomes a supplement to the current district court judgment docket. The Attorney General has had under consideration your recent letter wherein you state in part as follows: "Section 3 O.S.L. 1970, ch. 299, 3 amends 68 O.S. 24306 [68-24306] (1969), and is in pertinent part as follows: "Within sixty (60) days from the publication of general notice in Section 24305, the county treasurer shall file in the office of the county clerk a tax lien together with a personal tax lien record, showing the names and addresses of all persons, firms and corporations owing delinquent personal taxes, setting forth the delinquent years and amounts due and unpaid, together with penalty and costs as provided in Section 24303 of this Title. It shall be the duty of the county clerk upon receipt of personal tax lien record, to make the tax lien record a supplement to the current district court judgment docket." "We are concerned with the procedure to be followed by the county clerk in making 'the tax lien record a supplement to the current district court judgment docket. "We believe that the Legislature intended to provide that the county clerk should file with the court clerk a copy of the tax lien record which he (the county clerk) receives from the county treasurer, and that said copy would thereby become a supplement to the current district court judgment docket. Question: Does the Attorney General concur in our interpretation of said Act, and if not, what procedure should be used?" The applicable rule of statutory construction concerning your question is stated in Personal Loan and Finance Co. v. Oklahoma Tax Com'n, Okl., 437 P.2d 1015, 1018 (1968), as follows: "It is. . . a rule of statutory construction that in ascertaining legislative intent, the language of the entire act should be considered and that construction given which is reasonable and sensible." See also Lancaster v. State,426 P.2d 714, 716 (1967) and Christian v. Shideler, 382 P.2d 129,130 (1963). It is the opinion of the Attorney General your question should be answered in the affirmative. In O.S.L. 1970, ch. 299, Section 3, the legislature has made it the duty of the county clerk to make the tax lien record a supplement to the current district court judgment docket. Applying the above rule of statutory construction, a reasonable and sensible construction of the statute would be that the county clerk should file with the court clerk a copy of the tax lien record which he (the county clerk) receives from the county treasurer, and that said copy thereby becomes a supplement to the current district court judgment docket. (Marvin E. Spears)