PROFESSIONAL CORPORATIONS A professional corporation may be formed under the Oklahoma Professional Corporation Act upon the filing of Articles of Incorporation by an otherwise qualified individual as incorporator. Any such corporation may after organization operate in Oklahoma with one director, who may also be the president, and such number of shareholders as it shall deem necessary and desirable, provided that each officer, director and shareholder is duly licensed to practice in Oklahoma the profession for the practice of which the professional corporation was organized. The Attorney General has had under consideration your recent letter in which you in effect ask how many officers, directors and shareholders are required for incorporating a Professional Corporation. Pertinent to your inquiry are the provisions of 18 O.S. 804 [18-804] (1961), which provides in part: "One or more individuals each of whom is licensed to render a professional service may incorporate a professional corporation by filing Articles of Incorporation with the Secretary of State. Such Articles of Incorporation shall meet the requirements of the Business Corporation Act. . . ." Title 18 O.S. 805 [18-805] (1961), provides: "The Business Corporation Act shall be applicable to professional corporations, and they shall enjoy the powers and privileges and be subject to the duties, restrictions, and liabilities of other corporations, except where inconsistent with the letter and purpose of this act. This act shall take precedence in the event of any conflict with provisions of the Business Corporation Act or other laws. " (Emphasis added). The Business Corporation Act, 18 O.S. 1.35 [18-1.35] (1961), provides in relevant part: ". . . . Such board shall consist of at least three (3) members, the number, qualifications, manner of elections, and term of office of the directors may, subject to the provisions of this act, be prescribed by the Articles of Incorporation or bylaws." In Christian v. Shideler, Okl. 382 P.2d 129 (1963) the Supreme Court of Oklahoma held, in paragraph number three of its syllabus: "Despite requirement of Business Corporation Act that a corporation have at least three directors, under the Oklahoma Professional Corporation Act, a professional corporation with only two physician members on its board of directors may be organized." In its decision, the court referred to 18 C.J.S. "Corporations", 36, p. 415, as follows: "In the absence of constitutional restriction the Legislature may undoubtedly create either by special act or under general laws corporations consisting of a single member only, or authorize a single individual to become incorporated and leave it optional with him, whether he will have associates. . ." It also referred to and quotes references by the trial court to the latter's conclusions as to the intention of the Legislature in enacting the Professional Corporation Act, as follows: "Now taking the entire Act, I think it was the intention of the Legislature, as I said a minute ago, to permit one or more professional men to incorporate." (Emphasis added). The Court also quoted from an article in 33 Oklahoma Bar Journal 357, entitled "Professional Corporations", as follows: "One or more individuals, each of whom is a licensed member of the particular profession, may file Articles, the requirements o f which are spelled out. Notwithstanding the language authorizing one or more incorporators to file articles, I understand that the Attorney General has ruled that three incorporators are required as provided by the Business Corporation Act. However, the Legislature by use of this language may have wished to give recognition to the one man corporation concept in the case of Professional Corporations." (Emphasis added). Title 18 O.S. 810 [18-810] (1970), provides: "No person may be an officer, director or shareholder of a professional corporation who is not an individual duly licensed to render the same specific professional services as those for which the corporation was organized. No person may be simultaneously an officer or shareholder of more than one professional corporation; provided, however, that nothing herein shall be deemed to prohibit a qualified person from serving as a director of more than one professional corporation." The term "corporation" has been defined to mean "a body, consisting of one or more natural persons established by law, usually for some specific purpose. . ." (Bouvier's Law Dictionary, Rawles Third Revision, page 682). In Shideler, at page 134, the Court referred to the Ohio Act as similar to the Oklahoma Act except, "that in the former there is apparently no requirement that the officers and directors of the corporation be shareholders or licensed members of the profession involved". The court quoted from an article entitled, "Professional Corporations" in the autumn 1961, issue of the "Ohio State Law Journal", in which the author states: "Ohio Revised Code section 1785.02, stating that an individual or a group of individuals may organize and become a shareholder, or shareholders, of a professional corporation, makes it clear that the sole practitioner may incorporate himself ." The Oklahoma Court accordingly held: "The reasonable interpretation of the sections of the Professional Corporation Act before us is that a corporation with only two directors may be organized thereunder." The Oklahoma Supreme Court did not directly rule in the Shideler case that a professional corporation could operate with only one director. However, the references in its decision to actions taken in other states under similar statutes, justify the inference that the court considered that since one individual can incorporate a professional corporation, the Legislature must have intended that one individual, if otherwise qualified, may be the sole incorporator, director, officer, and shareholder of a professional corporation. The Act contains no requirement for shareholders, except Section 810 quoted supra, which provides that all officers, directors and shareholders of a professional corporation must be licensed to engage in the profession for the practice of which the corporation has been organized. It is of course necessary to comply with 18 O.S. 1.15 [18-1.15] (1961), which requires that stated capital of at least $500 be paid in to the corporation and that an affidavit to that affect be filed with the Articles. In view of the foregoing, it is the opinion of the Attorney General that a professional corporation may be formed under the Oklahoma Professional Corporation Act upon the filing of Articles of Incorporation by an otherwise qualified individual as incorporator. Any such corporation may after organization operate in Oklahoma with one director, who may also be the president, and such number of shareholders as it shall deem necessary and desirable, provided that each officer, director, and shareholder is duly licensed to practice in Oklahoma the profession for the practice of which the professional corporation was organized. The opinion of the Attorney General dated August 10, 1961, addressed to the Honorable William M. Christian, insofar as it declares that while one or more individuals may incorporate a professional corporation, the Business Corporation Act requires that the number of directors shall be not less than three (3), is hereby overruled to the extent such opinion is in conflict with the opinion hereinabove expressed. (CARL G. ENGLING)