EFFECTIVE DATE OF PUBLIC EMPLOYEES RETIREMENT SYSTEM Senate Bill 635, passed in the Second Regular Session of the Thirty fourth Legislature, codified at 74 O.S. 914 [74-914] (1974), allowing a retirant under the Oklahoma Public Employees Retirement System Act to receive compensation up to $2,400.00 in any calendar year while continuing to receive retirement benefits, is effective for the full calendar year, 1974. The Attorney General has considered your request for opinion regarding the effective operative date of Senate Bill No. 635, passed in the Second Regular Session of the Thirty-fourth Legislature. As state stated in your letter, Senate Bill No. 635 was signed by the Governor on the 3rd day of May, 1974. The bill contained an emergency clause and, consequently, became effective immediately upon the signature of the Governor. Senate Bill No. 635 amended a prior bill introduced and approved in the same legislative session. Senate Bill No. 417 was approved April 30, 1974, without an emergency clause. Both bills were amendatory of 74 O.S. 914 [74-914] (1973). By reason of the fact that both bills deal with the same legislative subject and Senate Bill No. 635 was the later bill in point of time, it is controlling over Senate Bill 417 as being the latest expression of legislative intent. If a subsequent act or provision thereof, is in irreconcilable conflict with a prior act, the subsequent act must prevail. (Generally, Sutherland Statutory Construction, 4th Ed. 51.03.) Senate Bill No. 635 is currently codified at 74 O.S. 914 [74-914] (1974). Section 914, as amended, contains provision to increase the maximum compensation a retirant under the Oklahoma Public Employees Retirement System Act can receive while continuing to receive retirement benefits from $1,200.00 to $2,400.00 "in any calendar year." The Oklahoma Court has held that the presumption is that the Legislature expressed its intent in a statute, and it intended what is expressed. Rath v. LaFon, 431 P.2d 312
(1967). It has also been held that the intention of a legislature in enacting any law must be presumed to benefit, not to injure those interested in its subject. State ex rel. Williamson v. Longmire, 281 P.2d 949 (1955). In the instant case, the Legislature clearly must have intended Senate Bill No. 635 to be effective in the calendar year 1974. Otherwise, the Legislature would not have passed the legislation with an emergency clause and employed the terminology "in any calendar year". To decide otherwise would be tantamount to holding that the Legislature enacted legislation with an emergency clause, thereby giving the legislation an immediate effective date, but did not intend for certain provisions of the act to be applicable until a full eight months following its approval, or, in this case, the beginning of the calendar year, 1975. To hold in this manner would not only be violative of the legal presumptions cited hereinabove, but additionally, would be to imply something within the statute, in violation of that which is clearly expressed, in order to arrive at what must only be viewed as an absurd result. To so decide would be violative of a cardinal rule of statutory construction that that construction should be given an act which is reasonable and sensible. See Christian v. Shidler, 382 P.2d 129
(1963);Personal Loan and Finance Co. v. Oklahoma Tax Commission, 437 P.2d 1015 (1968). It is, therefore, the opinion of the Attorney General that Senate Bill 635, passed in the Second Regular Session of the Thirty-fourth Legislature, codified at 74 O.S. 914 [74-914] (1974), allowing a retirant under the Oklahoma Public Employees Retirement System Act to receive compensation up to $2,400.00 in any calendar year while continuing to receive retirement benefits, is effective for the full calendar year, 1974. (William Don Kiser) ** SEE: OPINION NO. 75-269 (1975) **