MOTOR VEHICLES
The term "gross weight" as used in 47 O.S. 12-301 [47-12-301](c)(d) (1971) and as defined in 47 O.S. 1-121 [47-1-121] (1971) means the weight of a vehicle without load plus the weight of any load thereon; and 47 O.S. 12-301 [47-12-301](d) (1971) does not exempt trailers of less than three thousand pounds from its provisions and requires all trailers of any weight to be equipped with service brakes. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: 1. In light of the provisions of subsections (c) and (d) of the Highway Safety Code, 47 O.S. 12-301 [47-12-301] (1971), involving brake equipment requirements on motor vehicles, does the term "gross weight" used in that statute refer to gross weight of a trailer as produced by the manufacturer? 2. Are trailers of less than three thousand pounds gross weight (as produced by the manufacturer) exempt from the provisions of 47 O.S. 12-301 [47-12-301](d) (1971) in the manner prescribed for motorcycles or motor driven cycles, and semitrailers of less than three thousand pounds gross weight? In answering your first question, reference must be made to the statutory definition of "gross weight" found at 47 O.S. 1-121 [47-1-121]. That section reads as follows: "Gross weight — the weight of a vehicle without load plus the weight of any load thereon." Therefore, the gross weight of a trailer, semi-trailer, or pole trailer as contemplated by 47 O.S. 12-301 [47-12-301] is the sum of the weight of the trailer as produced by the manufacturer plus the weight of the load carried by that trailer. Too, the reference in the statute to gross weight of the vehicle when operated "upon the highways" indicates that a vehicle loaded and operated in the course of its regular usage was contemplated by the drafters. You state in your letter that the manufacturer has no knowledge and makes no determination of the gross weight of its final product. Though this is obviously true after the trailer has been sold and is in the service of its owner, each vehicle, when in the process of manufacture, is engineered to carry a certain specific amount of weight. Specifications of manufacture contemplate the load capacity of a vehicle according to its particular design. These load capacity limitations are generally attached to the vehicle in plain view of the user to inform him of the weight limitations of proper usage. Therefore, it is the opinion of the Attorney General that, in light of 47 O.S. 12-301 [47-12-301], the definition of "gross weight" contemplated by the statute is equivalent to the weight of the manufactured trailer plus the weight of the load it carries. The manufacturer can determine the gross weight of the trailer, for the purpose of equipping his product with the proper brakes, according to the vehicle's designed weight capacity. The apparent intent of the Legislature in adopting this section was to insure the highway safety of travelers. It appears consistent with this purpose to require the manufacturer to equip its trailers with brakes designed to stop and hold such vehicles when loaded to their designed capacities. The answer to your second question requires a construction of 47 O.S. 12-301 [47-12-301](a)(c)(d) (1971), which outline the necessary brake equipment required by law to be attached to various varieties of motor vehicles to insure their safe use upon the highways. The pertinent parts of those sections read as follows: "(a) Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes each of which means shall be effective to apply the brakes to at least two wheels. (Emphasis added) ". . . "(c) Every trailer, semi-trailer, and pole trailer of a gross weight of three thousand pounds or more when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle and so designated as to be applied by the driver of the towing motor vehicle from its cab, and said brakes shall be so designed and connected that in case of an accidental breakaway of the towed vehicle the brakes shall be automatically applied. "(d) Every new motor vehicle, trailer or semi-trailer hereafter sold in this state and operated upon the highway shall be equipped with service brakes upon all wheels of every such vehicle, except motorcycles or motor-driven cycles, and semitrailers of less than three thousand pounds gross weight. . . ." A fundamental rule of statutory construction and interpretation is that a statute is passed as a whole not in parts or sections and is animated by one general purpose and intent. Consequently, each section should be construed in connection with every other section so as to produce a harmonious whole. Christian v. Shideler, Okl.,382 P.2d 129 (1963); Donelson Donelson v. Oldfield, Okl., 488 P.2d 1269 (1971) . Thus, it is not proper to confine interpretation to one section to be construed. An instrument must always be construed as a whole, and the particular meaning to be attached to any word or phrase is most accurately ascribed from the context. Neither denial, construction, nor letter of the statute should be permitted to defeat its clear and definite purpose. Sutherland, Statutes and Statutory Construction, 46.05 (4th Ed., 1973). Subsection (a) outlines the general requirements of the statute for adequate braking equipment attached to motor vehicles. The primary purpose of subsection (c) is to place the requirement on all heavy trailers, semi-trailers and pole trailers (weighing three thousand pounds or more) that they be equipped with brakes which can be applied from the cab of the towing vehicle or automatically applied in emergency situations. Subsection (d) subjects all vehicles manufactured since 1967 to an additional requirement; that all motor vehicles specified in the section, upon sale, must be equipped with service brakes upon all wheels. By a plain reading of subsection (d) the motor vehicles contemplated by that particular language include: all trailers of any gross weight, all semi-trailers of a gross weight of three thousand pounds or greater, and all motor vehicles coming within the following definition, not specifically exempted by that section (motorcycles, motor-driven cycles, trucks, and truck-tractors see modified requirements): "Motor vehicle — Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails; provided, the definition of 'motor vehicle' herein shall not include implements of husbandry as defined in 47 O.S. 1-125 [47-1-125] of this chapter." 47 O S. 1-134 (1971). This specific statutory listing of exemptions to the service brake requirement in subsection (d) is further evidence of a specific legislative intent not to exempt light trailers or any trailer from this requirement. When subsections (c) and (d) are construed together as a whole rather than section by section, it becomes apparent that there exists no conflict between them. Therefore, your second question must be answered in the negative. Trailers of less than three thousand pounds are not exempted from the provisions of 47 O.S. 12-301 [47-12-301](d). It is, therefore, the opinion of the Attorney General that your question be answered as follows: The term "gross weight" as used in 47 O.S. 12-301 [47-12-301](c)(d) (1971) and as defined in 47 O.S. 1-121 [47-1-121] (1971), means the weight of a vehicle without load plus the weight of any load thereon; and 47 O.S. 12-301 [47-12-301](d) (1971) does not exempt trailers of less than three thousand pounds from its provisions and requires all trailers of any weight to be equipped with service brakes. (CATHERINE GATCHELL NAIFEH)